BUSSEY & McLEOD STOVE COMPANY, Appellant, *v.* DAVID WILKINS, JR., Respondent.

*Complaint — an allegation as to the fraudulent disposition of his property by a vendee improperly stricken out — Code of Civil Procedure, § 549, subd. 4, §§ 1240, 1487.*

The complaint in an action set forth a cause of action upon a promissory note, and also one for goods sold and delivered, and then alleged that after the making of the note and the sale of the goods the defendant fraudulently conveyed his property away in order to cheat and defraud his creditors, and that he had rendered himself insolvent. The court at Special Term struck out the allegation relative to the fraudulent disposition of the property.

*Held*, that the plaintiff was entitled to the benefit of this allegation;

That if it remained in the complaint and was proved on the trial the plaintiff would be entitled, in case of his success, to issue an execution against the person of the defendant without having previously procured any order of arrest in the action;

That as the plaintiff's right to issue an execution against the person, in case he succeeded in the action, depended upon the presence in the complaint of the allegation that the defendant had fraudulently disposed of his property, it could not be said that the allegation was irrelevant.

APPEAL by the plaintiff, the Bussey & McLeod Stove Company, from an order of the Supreme Court, made at the Schoharie Special Term and entered in the office of the clerk of the county of Rensselaer on the 28th day of October, 1895, striking out certain portions of the plaintiff's complaint as irrelevant.

*Nash Rockwood*, for the appellant.

*Douglas A. Hinman*, for the respondent.

HERRICK, J.:

The complaint herein sets forth two causes of action against the defendant, one on a promissory note and another for goods sold and delivered. The plaintiff further alleges that, after the making of the promissory note and the sale and delivery to the defendant of the goods, wares and merchandise theretofore mentioned, the defendant fraudulently conveyed away his property, with intent to cheat and defraud his creditors, and that such conveyances were fictitious and fraudulent and without a valuable consideration, and that by reason

of such conveyance the defendant has been rendered insolvent, and is possessed of no other real or personal property out of which the plaintiff's demand can be satisfied.

The court at Special Term, on the motion of the defendant, struck out that portion of the plaintiff's complaint wherein the fraudulent disposition of his property was alleged, as irrelevant.

I think such order was erroneous.

Section 1240 of the Code of Civil Procedure provides that a final judgment may be enforced by execution, where it is for a sum of money, in favor of either party, or directs the payment of a sum of money. Section 1487 provides that where the judgment can be enforced by execution, an execution against the person of the judgment debtor may be issued thereupon : *First*, " where the plaintiff's right to arrest the defendant depends upon the nature of the action," and, *second*, " in any other case where an order of arrest has been granted and executed in the action, and if it was executed against the judgment debtor, where it has not been vacated."

Section 549 of the Code of Civil Procedure provides that the defendant may be arrested where the action is brought for either of the following causes : Subdivision 4. " In an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability, or that he has since the making of the contract, or in contemplation of making the same, removed or disposed of his property with intent to defraud his creditors, or is about to remove or dispose of the same with like intent; but where such allegation is made, the plaintiff cannot recover unless he proves the fraud on the trial of the action ; and a judgment for the defendant is not a bar to a new action to recover upon the contract only."

It will be seen from this that the plaintiff is entitled to enforce his judgment by execution against the person where his action is one upon contract, express or implied, and where it is alleged in the complaint that the defendant has, since making the contract or incurring the liability, removed or disposed of his property with intent to defraud his creditors; and that where his complaint contains such an allegation, he cannot recover unless he proves the fraud upon the trial. The Code of Civil Procedure thus expressly

authorizes such an allegation as is set forth in the complaint herein, and makes it, when coupled with a cause or causes of action upon contract, a cause of action upon which the person of the defendant can be seized on execution. It makes the nature of the action one in which the defendant can be arrested, and, consequently, one where an execution can be issued against the person without any previous order of arrest.

Where an allegation is expressly authorized by the Code of Civil Procedure, and the plaintiff's ultimate remedy to enforce his claim is dependent upon its proof, I do not think that it can be said to be irrelevant.

If the allegation in question is stricken out, the complaint will be simply one upon a promissory note, and for goods sold and delivered, and if judgment is obtained upon it, the judgment cannot be enforced by execution against the person.

If it is permitted to remain in the complaint, and it is proved upon the trial, the defendant's person can be seized upon execution to enforce the judgment, without any previous order of arrest. (*Segelken* v. *Meyer*, 94 N. Y. 473.)

Indeed, it was conceded by the respondent upon the argument that an execution against the person could issue for the causes as set forth in section 549 of the Code of Civil Procedure, where the essential facts are alleged in the complaint, without any previous order of arrest.

The plaintiff's final remedy to enforce his rights being dependent upon the allegation in question, it cannot be said to be irrelevant.

The order should, therefore, be reversed, with ten dollars costs and disbursements of this appeal, and the motion denied, with ten dollars costs, with leave to the defendant to answer the complaint within twenty days after the service of a certified copy of the order herein upon him, upon payment of such costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion below denied, with ten dollars costs, with leave to defendant to answer in twenty days after service of a copy of this order upon him, and upon payment of such costs.