JAMES W. ELWELL and JACOB S. WINSLOW, Appellants, *v.* CHARLES T. RUSSELL, Respondent.

*Order of arrest — statement made by the defendant's attorney to whom the plaintiff was referred by the defendant.*

An order of arrest, granted upon the ground that the defendant had been guilty of false and fraudulent representations in regard to the ownership of a judgment by the defendant, is properly based on proof that the defendant had referred the plaintiff to his (the defendant's) attorney, by whom he alleged that the judgment was recovered, and that the attorney stated that the judgment was not in favor of, but against the defendant, such statement, under the circumstances, being evidence of the fact, in regard to which the plaintiff had been referred to the attorney for information.

In an action upon contract to recover for money lent, it is not necessary that the plaintiff set forth in the complaint the facts relied upon by him to establish the fraud or deceit which is the basis of an order of arrest granted in the action.

It is sufficient that the complaint alleges that the representation was false, and was made fraudulently for the purpose of obtaining money from the plaintiff,

APPEAL by the plaintiffs, James W. Elwell and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of March, 1898, discharging the defendant from arrest.

*R. D. Benedict*, for the appellants.

*Leonard D. Baldwin*, for the respondent.

RUMSEY, J. :

The action was brought to recover from the defendant the sum of $3,600, which the plaintiffs lent to the defendant on the 3d of Jan-

uary, 1896. The complaint alleged, in addition to the loan, that on the day when it was made the defendant, for the purpose of obtaining it, falsely and fraudulently represented to the plaintiffs that he was the owner of a judgment against one Charles Binda for the sum of 140,000 francs, rendered by the Tribunal Commercial Court in the city of Paris; that there was no assignment of said judgment and no lien upon it, except for the sum of £500 sterling, and that he gave to the plaintiffs as security for said loan an assignment of the said judgment. It was further alleged in the complaint that the representations were false and fraudulent; that the defendant never had such a judgment as he represented, and that no such judgment existed. Upon this complaint an order of arrest against the defendant was obtained and served. The order of arrest was granted upon the authority of subdivision 4 of section 549 of the Code of Civil Procedure, which authorizes an order to be issued in an action upon contract where it is alleged in the complaint that the defendant was guilty of fraud in making the contract or incurring the liability. A motion to vacate the order was subsequently made and granted. The grounds upon which it was either made or granted do not appear, but it is evident that the order vacating the arrest can only be sustained upon the ground, if at all, that the evidence of fraud was not sufficient to warrant the granting of an order of arrest. That evidence consists, in the first place, of the testimony of Elwell, one of the plaintiffs, to the representations by the defendant that he was the owner of such a judgment as is described in the complaint, and that he borrowed from the plaintiffs the sum of $3,600 upon the assignment of that judgment as security and upon the faith of his representations that he owned it. It appears, also, from the testimony of Mr. Elwell that Russell, the defendant, at the time of making the representations, had informed him that his attorney in Paris, who had recovered the judgment for him, was one Foiard, and that Elwell directed Mr. Benedict, his attorney, to go to Foiard in Paris and inquire as to the judgment. It appears from the testimony of Mr. Benedict that after this sale had been made, being in Paris, he went to the office of Foiard, the attorney who had charge of the legal proceedings which, it is said, resulted in this judgment, and there saw his partner, or managing clerk, and ascertained that no judgment in favor of Russell had been rendered in an action against Binda, but, on the con-

trary, a judgment had been rendered in that action in favor of Binda against Russell.

This was practically the testimony upon which the order of arrest was granted. It is criticised by the defendant because, as he says, there is no sufficient evidence of the falsity of the representations, and no proof that the defendant had not, at the time he made the representations, such a judgment. The papers are to be construed in the light of the fact that there is nothing in the case to take away whatever probative effect they may have. The defendant has not seen fit to contradict anything stated in them, and, therefore, the plaintiffs are entitled to the benefit of all facts that may fairly be inferred from them. It is conceded by the papers that the representations were made, and that the money was advanced to the defendant upon the faith of them. This he does not contradict. But he says there is no evidence that the representations were not true. Upon that point it is admitted, by not contradicting it, that, when he made the representations as to the judgment, he stated that Foiard was his attorney and had procured it; and it is admitted that inquiries at the office of Foiard elicited at that place, from one who was in charge of the office, that the result of the suit was not a judgment in favor of the defendant here, but a judgment against him. These facts are not disputed, and it will not do for the defendant, who referred the plaintiffs to his attorney for information as to his judgment, to say, when they present that information to the court for its action, that it does not afford sufficient proof of the facts which it authorized the plaintiffs to obtain at that place.

The plaintiffs were not called upon to give any reasons why they did not present the affidavit of Foiard or of Hyde. They were not required to present those affidavits. Foiard was the person to whom they had been referred for information, and they were entitled to bring to the court the information which they had received from him and ask the court to act upon it. If the information were not true, it would have been very easy for the defendant to say so; and, as he has not seen fit to say so, it must be deemed that he is satisfied with the facts and only complains of the manner in which they are proved.

It is complained also by the defendant that the plaintiffs do not

sufficiently set forth the facts relied upon to establish an action for fraud or deceit.    This is not an action for fraud or deceit.    It is an action upon a contract to pay an amount of money which was lent by the plaintiff to the defendant.    The fraud is alleged simply because the section of the Code of Civil Procedure referred to requires that it should be set up in the complaint that the defendant was guilty of a fraud in incurring the liability.    That is sufficiently set out in this complaint, which states that the representation was made falsely and fraudulently for the purpose of obtaining money from the plaintiffs, and sets up that the representations were, in fact, false.    These are sufficient to comply with the requirements of section 349 of the Code of Civil Procedure.

For these reasons the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of arrest must be denied, with ten dollars costs.

Patterson, O'Brien and Ingraham, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.