make. The statute prescribes the proof which is to be presented to the county judge. It is material, because the statute requires it."

The defendant also, among other things, objects to the petition because it is claimed by him that if all of the statements contained therein, including those on information and belief, and the copy depositions thereto attached, are true, they do not show that the defendant trafficked in liquors in the town of Sanford, Broome county, or that his hotel was in that town. We do not think it is necessary for us to consider the various objections made to the petition, other than as stated. If another application for an injunction is made, the petition can probably be so drawn as to obviate such objections.

The order should be reversed, with $10 costs and disbursements. All concur, except CHESTER and HOUGHTON, JJ., who dissent.

---

CITIZENS' NAT. BANK OF SARATOGA SPRINGS v. WETSEL.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. ACTIONS—ELECTION OF REMEDIES.
    Where a person, with knowledge of all the facts, elects to enforce one of two or more coexisting but inconsistent remedies, he is bound by his election, and is thereafter barred from resorting to the other.

2. SAME—ACTIONS ON CONTRACT—ALLEGATIONS OF FRAUD.
    Code Civ. Proc. § 549, subd. 4, provides that in an action on contract, express or implied, other than a promise to marry, when it is alleged that defendant was guilty of fraud in contracting or incurring the liability, or that he has, since the making of the contract, or in contemplation of making the same, removed or disposed of his property with intent to defraud his creditors, plaintiff cannot recover unless he proves the fraud on the trial of the action, and that a judgment for defendant is not a bar to a new action on the contract only. Such section also declares that in such cases, where fraud is proved, plaintiff shall be entitled to an order of arrest, or an execution against the person. *Held*, that where plaintiff brought suit on a note, and alleged that plaintiff was induced to discount the same by fraudulent representations made by defendant, for the purpose of obviating defendant's discharge in bankruptcy as a defense, and to obtain an execution against the person, such allegations did not change the nature of the action from a suit on contract to one in tort, inconsistent with a prior action on the note, which plaintiff dismissed before trial.

Appeal from Trial Term, Saratoga County.

Action by the Citizens' National Bank of Saratoga Springs, N. Y., against John J. Wetsel. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Appeal by the plaintiff from a judgment entered in the office of the clerk of the county of Saratoga on the 16th day of October, 1903, dismissing the plaintiff's complaint, by direction of the court, after a trial at the Saratoga Trial Term; also from an order dated the 15th day of October, 1903, and entered in the office of said clerk on the 2d day of November, 1903, denying the plaintiff's motion for a new trial, made upon the minutes of the court. On the 13th day of February, 1897, the plaintiff, a banking corporation, discounted for the defendant a note of $10,000 made by one Barker, indorsed by the defendant. Said note was renewed from time to time. A note so given in renewal February 11, 1898, was not fully paid, and on the 24th day of October, 1899, the plaintiff brought an action against the defendant on said note.

¶ 1. See Election of Remedies, vol. 18, Cent. Dig. §§ 12, 13, 16.

and demanded judgment for $7,289, with interest from June 30, 1899, as the balance due on said note. On November 10, 1899, the defendant filed a petition in bankruptcy, and on November 14, 1899, an order was granted by a referee in bankruptcy restraining the plaintiff, for 12 months from November 10, 1899, from entering judgment in its said action. On November 16, 1901, the plaintiff obtained an order at a Special Term granting it leave to discontinue said action "without passing upon the right of the plaintiff to institute such other proceeding or action against the defendant as it may be advised." The action was thereupon discontinued. On December 15, 1902, this action was commenced by the service of a summons. On March 25, 1903, a complaint was served, alleging the making of said note of February 11, 1898, and the failure of the defendant to pay the same, which complaint was in the ordinary form of a complaint on a promissory note. The defendant served an answer to said complaint, and the plaintiff then served an amended complaint, in which he repeated the allegations of the original complaint, but added further allegations in which he stated that the defendant, for the purpose of procuring the discount of said note, had made false representations to the plaintiff, on the faith of which the notes had been discounted, and also further allegations in which he stated that the defendant had transferred property subsequent to the making of said note with intent to defraud the plaintiff. The answer of the defendant to the amended complaint admits the making of the note, and its protest, and the amount claimed to be due thereon, but denies the allegations relating to false representation and fraudulent transfers, and also alleges the defendant's discharge in bankruptcy, and that the plaintiff had, by bringing the action of October 24, 1898, and by the original complaint in this action, elected to proceed in affirmance of the contract, and could not now recover in an action alleging the fraud and fraudulent transfers. The evidence received on the trial is sufficient, from which a jury might have found that the defendant had made the false representations alleged in the complaint, and that the plaintiff discounted said note in reliance thereon. The evidence offered by the plaintiff relating to the alleged fraudulent transfers of property was excluded. Prior to the plaintiff's bringing the action of October 24, 1898, the plaintiff had been informed, in a general way, or by rumor, that the representations made to it at the time of the discount of said note were false, but did not have knowledge thereof, other than such as it had obtained by such general statements and rumors. The plaintiff knew of the fraud before this action was brought. On the trial, at the close of the plaintiff's evidence, a motion was made by the defendant to dismiss the plaintiff's complaint, and, in ruling thereon, statements were made by the plaintiff's counsel and by the court as follows: "Plaintiff contended that the remedies sought were not inconsistent ones. The Court: You ask for judgment on the note, or damages for the deceit. Which is it? Plaintiff's Counsel: We have set out the note, and then we set out, as one of the incidents, the fraud connected with it. The Court: You alleged in the complaint that you were damaged by reason of the fraudulent acts of defendant, and at the same time you set out the note, and ask judgment for the amount. If you will disclaim the damages by reason of the fraud, or the cause of action based on the note— If you can determine which one you want to rely on, I will be in a position to dispose of the question. Plaintiff's Counsel: We are trying to get judgment enforceable against the person, and, if we fail to show fraud, we cannot recover. The Court: Then you have an action for deceit, pure and simple. And if you have that action, why is it not true that when you did sue, in March last, upon the note, you had elected to proceed upon the note, and waived the fraud? Plaintiff's Counsel: We are not asking for any damages, except what is due on the note. We want judgment for the amount due us, which will be enforceable against the person or the property. The Court: I think that last March, when you made the complaint, you knew then whatever there was of the facts just as well as you know now; and, knowing that, you sued on the note. I think the motion must be granted, and the complaint dismissed, upon the ground that you made an election of inconsistent remedies and waived the fraud. (Plaintiff excepted to the ruling of the court.)"

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Rockwood & Salisbury (Nash Rockwood, of counsel), for appellant.
Edgar T. Brackett, for respondent.

CHASE, J.    Where a person, with knowledge of all the facts, elects
to invoke the aid of the court to enforce one of two or more coexist-
ing but inconsistent remedies, he is bound by his election, and is there-
after barred from resorting to the other.    One cannot invoke the aid
of the court in affirmance of an entire contract, and at the same time
or thereafter in disaffirmance thereof.    The principles stated are well
known and unquestionably established.    Assuming that the plaintiff,
in bringing his action of October 26, 1899, elected irrevocably to affirm
the contract with the defendant, the question now arises as to whether
this action is a disaffirmance of the contract, or an act inconsistent with
the former action.    Subdivision 4 of section 549 of the Code of Civil
Procedure provides as follows:

"In an action upon contract, express or implied, other than a promise to
marry, where it is alleged in the complaint that the defendant was guilty
of fraud in contracting or incurring the liability, or that he has, since the
making of the contract, or in contemplation of making the same, removed or
disposed of his property with intent to defraud his creditors, or is about to
remove or dispose of the same with like intent; but where such allegation is
made, the plaintiff cannot recover unless he proves the fraud on the trial of
the action; and a judgment for the defendant is not a bar to a new action to
recover upon the contract only."

Such subdivision of said section was not a part of section 549 of
the Code of Remedial Justice (chapter 448, p. 103, Laws 1876).    The
section, as enacted in 1876, contained three subdivisions, and, following
said subdivision, it provided as follows:

"The cases provided for in this section, are described in this act, as cases
where the right to arrest the defendant depends upon the nature of the action."

Subdivision 2 of section 550 of said act of 1876 provided:

"Where it appears, from the complaint, that the action is to recover damages
for the breach of a contract, express or implied, other than a promise to
marry; and, by allegations extrinsic to the complaint, that the defendant has
been guilty of a fraud in contracting the debt, or incurring the liability; or
that he has, since the making of the contract, removed or disposed of his prop-
erty, with intent to defraud his creditors; or that he is about to remove or
dispose of the same with like intent."

The last sentence of said section 549 was stricken out by chapter
416, p. 451, of the Laws of 1877.    Chapter 542, Laws 1879, added a
fourth subdivision to said section 549, as follows:

"In an action upon contract express or implied, other than a promise to
marry, where it is alleged in the complaint that the defendant was guilty of
a fraud in contracting or incurring the liability.    *    *    *    Where such an al-
legation is made, the plaintiff cannot recover unless he proves the fraud; and
a judgment for the defendant is not a bar to a new action to recover upon the
contract only."

And section 550 was amended by omitting therefrom said provision
so added by section 549.

By chapter 672, pp. 960, 961, Laws 1886, sections 549 and 550 were
amended to read as they read at this time.

The changes mentioned indicate an intention to authorize allegations
in a complaint on contract which were formerly referred to in section

550 as "allegations extrinsic to the complaint," without thereby affecting the nature of the action. Plaintiff brings this action pursuant to subdivision 4 of said section 549. That subdivision refers to and designates the action as one "upon contract express or implied."

Frey v. Torrey, 70 App. Div. 166, 75 N. Y. Supp. 40, was an action "for money obtained by fraud." The answer was a general denial and a plea of discharge in bankruptcy. It appeared in that action that plaintiff had filed proof of his claim for "money deposited" with the defendant "while acting in the capacity of banker." The defendant claimed that the plaintiff, having proved his debt upon contract, waived his right to recover on the ground of fraud. The court, in the course of its opinion, say:

"The appellant's contention that the respondent is estopped from prosecuting this action by his election to prove his claim in bankruptcy remains to be considered. A binding election can only be made where a party, with full knowledge of all the material facts, adopts a remedy which is inconsistent with another remedy then open to him. Crossman v. Universal Rubber Co., 127 N. Y. 34 [27 N. E. 400, 13 L. R. A. 91]. We fail to discover any inconsistency between the remedy pursued by the respondent in the bankruptcy court and that adopted by bringing this action. It does not necessarily appear that the respondent waived the tort by filing proof of his claim in bankruptcy. If not, merely proving the indebtedness, which concededly existed, and which was induced by fraud, would not be inconsistent with subsequently bringing an action to recover the money obtained by the fraud. Stokes v. Mason, 10 R. I. 261; Sheldon v. Clews [13 Abb. N. C. 41]; Bickford v. Barnard, 8 Allen, 314. But if the necessary inference from the record be that he waived the cause of action for the tort, still this case may be treated as an action on contract to recover the money on an implied promise to repay the same. The mere fact that it appears to have been alleged that the money was obtained by fraud is not decisive that the action is not upon contract. Subdivision 4 of section 549 of the Code of Civil Procedure classifies an action to recover a debt induced by fraud as an action on contract. The allegation of fraud is essential only for the purpose of obtaining an order of arrest or body execution. Ewart v. Schwartz, 48 N. Y. Super. Ct. 390."

Frey v. Torrey, supra, was affirmed in the Court of Appeals (175 N. Y. 501, 67 N. E. 1082) on the opinion in the court below.

The following cases are also authority for saying that this action is one on contract: Bussey & McLeod Stove Co. v. Wilkins, 1 App. Div. 154, 36 N. Y. Supp. 977; McDonough v. Dillingham, 43 Hun, 493; Wheadon v. Huntingdon, 83 Hun, 371, 31 N. Y. Supp. 912.

The Appellate Division, Second Department, has held that if an order of arrest is not obtained in an action on contract, where it is alleged that the defendant was guilty of fraud in contracting or incurring the liability, a judgment may be rendered notwithstanding the fraud is not proven; and the court, referring to the provision of said section to the effect that the plaintiff cannot recover unless he proves the fraud, say:

"We conceive that this is intended merely as a condition precedent to the right to arrest the defendant, and that it has nothing to do with the cause of action where the allegations of fraud are unnecessary, as in the case at bar." McGuire v. Bausher, 52 App. Div. 276, 65 N. Y. Supp. 382.

Subdivision 4 of said section 549 seems to be express authority for an action on contract, with the right, as a collateral and further remedy, where the facts warrant it, to allege and prove fraud in the inception of the contract, and obtain an order of arrest and an execution against the person of defendant. No previous judgment had been entered

against the defendant, and the allegations were added to the complaint for the purpose of avoiding the discharge in bankruptcy, and also for the purpose of obtaining the further rights afforded by said section 549.

This action is not in repudiation of the contract, but in affirmance thereof, and, as it is not inconsistent with the former action, the plaintiff is not barred from maintaining the same. The complaint should not have been dismissed, but the issues joined by the pleadings should have been tried and determined on their merits.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.