(99 App. Div. 119)

## ELLSWORTH v. FRANKLIN COUNTY AGRICULTURAL SOC.

(Supreme Court, Appellate Division, Third Department.　November 22, 1904.)

1. PLEADING—DEMURRER—ISSUES.

    A demurrer to a complaint admits every fact pleaded or fairly inferable from the facts alleged, whether the allegation is expressly, impliedly, or only argumentatively averred.

2. SAME—CORPORATIONS—ACTS—LIABILITY.

    A corporation, whether a membership or a stock corporation, is liable for the exercise of reasonable care in the employment of competent and skillful agents, employés, and contractors to perform its various services.

3. SAME—ALLEGATION OF NEGLIGENCE—SUFFICIENCY.

    In an action against the master for wrongful death occurring through the negligence of its servants, a mere allegation that the death was caused by defendant's negligence is sufficient, in the absence of a motion to make it more definite and certain.

Appeal from Special Term, St. Lawrence County.

Action by Chandler Ellsworth against the Franklin County Agricultural Society.　From an interlocutory judgment overruling defendant's demurrer to the amended complaint, and from a judgment directing the entry of such interlocutory judgment, defendant appeals.　Affirmed on memorandum of trial court, with leave to plead on payment of the costs of demurrer and of the appeal.

The following is the opinion of the court below (Kellogg, J.):

The demurrer admits every allegation of fact contained in the complaint or fairly inferable from the facts alleged, and a pleading is to be liberally construed in favor of the pleader.　National Contracting Co. v. H. R. W. P. Co., 170 N. Y. 439, 63 N. E. 380.　In that case a demurrer was overruled because, the contract not being set forth in full in the answer, the court was unable to determine whether the agreement to arbitrate differences under it was valid or invalid; saying that could only be determined upon the trial, when the whole contract was produced and evidence in.　If the requisite allegations can be fairly gathered from the pleading, it is good on demurrer.　If the pleading is indefinite, the remedy is a motion to make more definite and certain.　Marie v. Garrison, 83 N. Y. 14.　The demurrer admits every allegation, whether the same be expressly or only impliedly or argumentatively averred.　Atkins v. Judson, 33 App. Div. 42, 53 N. Y. Supp. 504.　It may be questioned whether Kennedy is such a servant of the defendant as to make it liable for his negligent acts.　Howard v. Ludwig, 171 N. Y. 507, 64 N. E. 172.

It is not necessary to consider to what extent the rule respondeat superior applies to an agricultural fair association, so as to make it liable for the negligence of its employés, as the complaint does not show whether the defendant is or is not a stock corporation.　It cannot fairly be disputed that a corporation (whether a membership or stock corporation) is liable for its own acts, and one of its duties is to exercise reasonable care to employ competent and skillful agents, employés, and contractors to perform its various services.　The complaint, liberally construed for the pleader, certainly alleges the incompetence and the recklessness of Kennedy, and the injury resulting therefrom, and that the defendant was negligent in performing the duty it owed to select competent employés, and negligently employed this reckless and careless man.　The pleader is not alleging conclusions claimed to follow from other allegations, but seeks to add a new ground of liability, giving to his complaint a double aspect: First, a liability for Kennedy's alleged negligence under the rule respondeat superior; second, the violation of the master's duty to use reasonable care in employing agents and servants—thus seeking to recover even though the rule respondeat superior is not applicable.　A mere allegation that a death was caused by the defendant's negligence is held sufficient, defendant not having moved to make it more definite and certain.　Oldfield v.

N. Y. & Harlem R. R. Co., 14 N. Y. 310, 314. I must therefore hold that the complaint foreshadows a cause of action charging defendant with negligence in employing an unskillful, incompetent, and reckless man to perform the duties from which the injury occurred, and that the demurrer is an admission of a cause of action in that respect.

The demurrer is therefore overruled, with the right to the defendant to answer upon payment of costs to be taxed.

Interlocutory judgment may be entered accordingly.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Frederick G. Paddock, for appellant.
Benjamin L. Wells, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, upon memorandum of court below, with usual leave to plead upon payment of costs of demurrer and this appeal.

Appeal from Special Term, New York County.

