CLARK, Respondent, v. SMITH et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 18, 1905.) Action by John F. Clark against Edward P. Smith and others.

CLARKE v. MERCANTILE TRUST CO. et al. (Supreme Court, Appellate Division, Second Department. December 29, 1905.) Appeal from Special Term, Westchester County. Action by James Clarke against the Mercantile Trust Company and others. From an interlocutory judgment overruling demurrers to the complaint, certain defendants appeal. Affirmed. William F. Goldbeck, for appellant Mercantile Trust Co. William J. Curtis (Royall Victor on the brief), for appellants Brooker and Wetmore. Frederic F. Frost (C. Walter Artz, on the brief), for respondent.

PER CURIAM. Interlocutory judgments affirmed, with costs.

HOOKER, J. (dissenting). We have to consider an appeal by the defendant the Mercantile Trust Company from an interlocutory judg-

ment of the Special Term overruling its demurrer to the complaint, and a separate appeal by the defendants Charles F. Brooker and Charles W. Wetmore from an interlocutory judgment of the Special Term overruling their demurrers to the complaint. The complaint alleges that the plaintiff and one Byrne, by an agreement in writing with the defendant the Mercantile Trust Company, acting for itself and the United States Shipbuilding Company, subscribed to $100,000 of the bonds and 500 shares of the stock of the United States Shipbuilding Company; that he and Byrne actually paid $90,000 in cash therefor to the Trust Company of the Republic, the predecessor of the defendant the Commonwealth Trust Company, and that on October 16, 1902, the bonds and stock were delivered to them. Thereafter, and prior to the commencement of the action, Byrne assigned to the plaintiff his interest in the bonds and stock and the causes of action in any wise relating thereto. The plaintiff alleges that subsequent to the purchase he discovered that the representations made by the defendants concerning this shipbuilding enterprise, upon which he relied, were false and fraudulent, that the shipbuilding company had never been legally incorporated, and that the bonds and stocks owned by him were worthless. He also alleges that prior to the commencement of the action he tendered back to the defendant the Mercantile Trust Company and to the Trust Company of the Republic, the predecessor of the defendant the Commonwealth Trust Company, each and every of such bonds of the defendant Shipbuilding Company, together with the stock so purchased by him and Byrne, and $2,500 in cash which had been paid to them for interest, and offered to deliver the same to said defendants, and demanded repayment by them of the purchase price thereof, together with interest, and also alleges that he is ready and willing at all times to deliver the stock and bonds and the sum of $2,500 to the defendant the Mercantile Trust Company, or to any of the defendants or their successors, who induced him and Byrne to purchase the same, upon repayment to him of what he had advanced. Fifty-four defendants are named, and allegations against each are contained in the complaint. The Mercantile Trust Company and the United States Shipbuilding Company are the two defendants with whom the plaintiff and Byrne directly contracted. The remaining 52 defendants are not parties to the contract of purchase, nor to any other contract with the plaintiff and Byrne. The Trust Company of the Republic acted as agent under the direction of the defendant the Mercantile Trust Company, which ultimately received the payment made by the plaintiff and Byrne. The complaint alleges as to the defendants John J. McCook, Charles B. Alexander, William C. Gulliver, William W. Green, Allan McCulloh, Charles C. Deming, Charles W. Pierson, and John W. Young, together with 'the defendant the Mercantile Trust Company, that they devised and concocted the scheme set forth in the prospectus which had been exhibited to the plaintiff and Byrne, as promoters of the enterprise, and have realized and received large sums of money and other considerations as promoters' profits from the sum paid by the plain-

tiff and Byrne. Of the balance of the defendants, however, none was an actual party to the contract of purchase, or a direct beneficiary of any proceeds of the sale of bonds and stock. They lent their aid, either actively or passively, to the general fraudulent scheme of spreading false ideas and beliefs among the public, and to the plaintiff and Byrne, in relation to the value of the assets of the Shipbuilding Company and to the character of the enterprise. For instance, the defendants Henry T. Scott, Lewis Nixon, John S. Hyde, E. W. Hyde, Charles R. Hanscom, Irving M. Scott, Charles J. Canda, Horace W. Gause, and Daniel Le Roy Dresser, are alleged to have fraudulently permitted their names to be used as prospective directors in the Shipbuilding Company, whereas none of them was a director at the time the false representations were made to the plaintiff and Byrne, and but four of them ever became actually directors of that corporation. Again, the defendants William D. Baldwin, Perry Belmont, George C. Boldt, Charles F. Brooker, Thomas E. Crimmins, James H. Eckels, Stuyvesant Fish, Thomas F. Goodrich, George J. Gould, Alexander Greig, Erastus C. Knight, Ballard McCall, James McMahon, Charles D. Marvin, John M. Parker, Thomas Randolph, Henry C. Rouse, Herbert L. Satterlee, R. Waverly Smith, Elbridge G. Snow, Charles W. Wetmore, Edwards Whitaker, Daniel G. Wing, and James Duane Livingston are alleged to have been directors of the Trust Company of the Republic, and that they, with the other defendants, prepared or caused to be prepared the prospectus, which teemed with material false and fraudulent representations for public circulation. The same were published and distributed by or under their direction, with the intent of inducing persons, including the plaintiff and Byrne, to become purchasers of these bonds and stocks, and these facts are alleged as to all the defendants so far named. The defendants Howard R. Wood, Kenneth K. McLaren, Horace S. Gould, Frederick K. Seward, Raymond Newman, Louis B. Dailey, Robert G. Martin, Beverly B. Lewis, and John R. Turner are the officers and employés of the defendant Corporation Trust Company of New Jersey, and they, with it, were dummy, fictitious, and fraudulent incorporators, stockholders, directors, and officers of the defendant Shipbuilding Company, furnished by the Corporation Trust Company for hire to the Mercantile Trust Company, and they were mere tools of the promoters of the shipbuilding enterprise, acting under their direction, in order to deceive the public and the plaintiff and Byrne, and to create fictitious, fraudulent, and worthless bonds and stock; and in doing these acts these last-named defendants knew that they were thereby deceiving and defrauding, and intended thereby to deceive and defraud, the public, including the plaintiff and Byrne. The defendants James Duane Livingston and Daniel Le Roy Dresser are alleged to have been officers of the defendant the Mercantile Trust Company, and, for the purpose of inducing the plaintiff to purchase, made false and fraudulent representations, upon which plaintiff relied, and which were materially untrue. The Commonwealth Trust Company, as successor of the Trust Company of the Republic,

is also made a defendant for the reason that the latter acted as collecting agent for the Mercantile Trust Company. The appellant the Mercantile Trust Company relies upon the two following grounds of demurrer, among those it pleaded: "Third. Upon the ground that causes of action have been improperly united, in that two or more causes of action have been joined in the same complaint which are not consistent with each other, to wit, a cause of action for deceit, a cause of action for rescission, and a cause of action for breach of an agreement, as hereinabove set forth. Fourth. Upon the ground that causes of action have been improperly united, in that they do not affect all the parties to the action, to wit, a cause of action upon the rescission of the contract set forth in the complaint, to which contract all the defendants were not parties, has been united with a cause of action against all the defendants for deceit."

The plaintiff had his choice of three remedies against his fraudulent vendors. The leading case which defines these distinct remedies is Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301. First. An action at law lies after a disaffirmance and rescission of the contract of purchase to recover the consideration parted with upon the fraudulent contract. This is an action for the breach by the vendor of an implied contract as for money had and received. In this action there is necessarily on the part of the vendee a waiver of the tort of the vendor. The plaintiff, in rescinding and disaffirming the contract, asserts that by reason of the fraud there never has been a contract, and that the money the vendor has come into possession of is held subject to an implied promise to restore. Rothschild v. Mack, 115 N. Y. 1, 8, 21 N. E. 726; People v. Wood, 121 N. Y. 522, 528, 24 N. E. 952; Hubbell v. Meigs, 50 N. Y. 480, 487; Miller v. Barber, 66 N. Y. 558, 564; Gould v. Cayuga County National Bank, 86 N. Y. 75. Second. The vendee may maintain an action in equity to rescind the contract, demanding the judgment of the court that the decree of the court establish the contract as void and rescind it; in this form of action it being sufficient for the plaintiff to offer in his complaint to return what he has received and tender it on the trial. The decree, of course, in addition to declaring the contract void ab initio, provides for a repayment of the consideration. Third. Or the vendee may proceed upon a theory entirely at variance with either of the preceding, and, instead of either disaffirming and rescinding or asking the court to rescind and declare void, may himself affirm the contract, keeping what he purchased, and maintain his action at law to recover the damages he has sustained, the measure of which is the difference between the value of the article as purchased and what it should have been according to the representations. This last is an action for fraud and deceit. The plaintiff strenuously maintains that the complaint under review states a cause of action for fraud and deceit against all the defendants, and that he has elected to proceed at law in tort to recover damages therefor. With this contention I am wholly unable to agree. The three remedies we have noticed are not concurrent, but elective, and the election, once

made, is conclusive upon the plaintiff. Conrow v. Little, 115 N. Y. 387, 393, 22 N. E. 346, 5 L. R. A. 693; Vail v. Reynolds, supra; Terry v. Munger, 121 N. Y. 161, 167, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Yeomans v. Bell, 151 N. Y. 230, 234, 45 N. E. 552. The plaintiff has made his election, and it has not been to affirm the contract and sue to recover for the damages sustained. The allegations in the sixth paragraph of his complaint leave room for no doubt as to which remedy he meant to elect, and upon what he meant to stand, so far as his relations with the defendants the Mercantile Trust Company and the United States Shipbuilding Company are concerned. These are the parties with whom he contracted, from whom he received his bonds and stock, and to whom, through the Trust Company of the Republic, he paid the price. This paragraph of the complaint alleges that prior to the commencement of the action he and Byrne tendered back to the Mercantile Trust Company and the Trust Company of the Republic each and every of the shipbuilding bonds and stock, and the money they had received as interest, and demanded the repayment of the consideration. That act of the plaintiff and Byrne was, as far as they could bring the result about, a complete and unequivocal rescission and disaffirmance of the contract on the ground of the fraud of those who induced him to purchase, and as between the plaintiff and the vendors, the Mercantile Trust Company and the United States Shipbuilding Company, this action falls in the first class of those I have enumerated, and is upon a rescission of the contract to recover the consideration parted with. By the tender back, the plaintiff elected to disaffirm. Possibly he might have withdrawn his disaffirmance and later affirmed. That proposition, however, we are not called upon to decide. But with the commencement of the action, while the disaffirmance was still in force, his election of the remedies became fixed and determined, and he thereupon was bound by that election, and thereafter has been and is now barred from resorting to any other of the remedies I have mentioned. Matter of Garver, 176 N. Y. 386, 68 N. E. 667; Citizens' National Bank v. Wetsel, 96 App. Div. 85, 88 N. Y. Supp. 1079; Droege v. Ahrens & Ott Mfg. Co., 163 N. Y. 466, 57 N. E. 747; Bach v. Tuch, 126 N. Y. 53, 26 N. E. 1019; Terry v. Munger, supra; Conrow v. Little, supra; Gould v. Cayuga County National Bank, supra.

As to the plaintiff and the defendants other than the vendors and those who shared in promoters' profits, there was never anything to rescind or disaffirm; for no contract ever existed between the plaintiff and Byrne on the one hand, and them or any of them on the other. Nor have they profited a cent by the transaction of the plaintiff's purchase, and hence there can be nothing for them to repay in an action on implied contract as for moneys had and received. These defendants the plaintiff is suing for fraud and deceit. Though they were not parties to the sale, and have not reaped any advantage from the transaction of the purchase by the plaintiff and Byrne, yet they are liable to him for their false representations. in reliance upon which he became a

purchaser. It is held that a defrauded vendee has a cause of action, not only against the vendor, but against all other persons who, though not parties to the contract, have by their false and fraudulent representations induced him to make the purchase, even though these outsiders did not themselves reap· any benefit from the fraudulent sale. The cause of action, however, does not rest in contract, but solely in tort for fraud. New York Land Improvement Co. v. Chapman, 118 N. Y. 288, 23 N. E. 187; Hubbard v. Briggs, 31 N. Y. 517, 529; Hubbell v. Meigs, 50 N. Y. 491; Schwenck v. Naylor, 102 N. Y. 683, 7 N. E. 788. It is clear, therefore, that because the facts alleged make out a cause of action upon a rescission for the purchase price of the bonds and stock against the vendors, the defendants the Mercantile Trust Company and the United States Shipbuilding Company, and a cause of action for damages for fraud and deceit against the noncontracting and nonprofit-sharing defendants, the complaint offends the provisions of section 484 of the Code of Civil Procedure. After stating what causes of action may be joined, it is required by that section that all of the causes of action so united must affect all the parties to the action; and, because the defendant the Mercantile Trust Company has demurred to the complaint on the ground that a cause of action upon the rescission of the contract to which contract all of the defendants were not parties has been united with causes of action against all defendants for deceit, it is entitled to a judgment sustaining its demurrer. It is not clear that the other ground of its demurrer, namely, that a cause of action for deceit, a cause of action for rescission, and a cause of action for breach of agreement have been joined in the one complaint, should receive indorsement. While breach of contract between the plaintiff and Byrne is alleged, that should be treated as an allegation of evidentiary circumstances rather than facts constituting a separate and distinct cause of action. Averments are wanting to show by what measure the bonds and stock purchased by the plaintiff were diminished in value by reason of the change in the plans of operation and acquiring the Bethlehem property. Doubtless these are proper allegations in an action for breach of contract; but sufficient facts, either directly alleged or fairly to be inferred, are not presented upon which a complete and separate cause of action for breach of the contract might be predicated.

The defendants Brooker and Wetmore also demurred on the ground that a cause of action for rescission of the contracts has been improperly united with a cause of action against them for deceit and fraud, and upon the further ground that the complaint does not state facts sufficient to constitute a cause of action. What has been said in dealing with the demurrer of the Mercantile Trust Company disposes of the first ground of the demurrer of the defendants Brooker and Wetmore. As to the second, the prospectus which deceived the plaintiff is alleged to have been prepared by and under the direction of these two and other defendants for public circulation, and for the purpose of inducing those who read the same to purchase

these bonds and stock; that the promoters·had devised and concocted the scheme set forth in the prospectus, and that the acts done by the Trust Company of the Republic and the defendants Brooker and Wetmore were done and performed by and under the direction and authority of the promoters; that the statements in the prospectus were, however, false and fraudulent, and the representations were made by these defendants with intent to deceive the public. It was alleged in the third paragraph that the representations and statements were false, and "known by said defendants when made to be false," and were made with intent to deceive and defraud. Although no defendants were mentioned in that connection, and especially the names of the defendants Brooker and Wetmore were omitted, these were the opening words of the third paragraph of the complaint, and it is quite evident, therefore, that by using the words "said defendants" the pleader meant to refer to all the defendants who had been mentioned theretofore in the pleading. In the· preceding two paragraphs of the complaint the names of all the defendants were mentioned except 10, and those of Brooker and Wetmore were especially pointed out. Even if the allegation thus stated was not sufficient to make the charge of scienter directly against these two· separate individual defendants, there was abundant statement in the complaint that these two· specific defendants, with others, made the representations "with intent to deceive" the public,. and especially the plaintiff and Byrne; and one· certainly cannot intend to deceive, making false· statements, without knowing the falsity of the· statement. Kley v. Healy, 127 N. Y. 555, 561, 28 N. E. 593, and cases cited. I believe that as to these demurrants scienter was sufficiently alleged and a cause of action is stated against them.

It is claimed that Mack v. Latta, 178 N. Y. 525, 71 N. E. 1133, 67 L. R. A. 126, is an authority in respondent's behalf. Plaintiff insisted upon the argument, and holds in his brief, that this is an action for fraud and deceit against all of the defendants, and hence not an action upon rescission for the restoration of the purchase price, nor yet an action in equity for rescission, but says that, if he is not right in his claim in that particular, his complaint ought nevertheless to be upheld under the authority of this case. It was there held that to avoid multiplicity of suits an action in equity may be maintained against parties to a contract which the plaintiff claims to be fraudulent to rescind the same, and that individuals by whose alleged false representations plaintiff was induced to enter into the contract may be joined, and that the plaintiff may in such an action have complete relief against the parties to the contract and the other persons guilty of fraud. The complaint here, however, does not state such a cause of action. Allegations of the complaint in the Mack Case show that the plaintiff brought the action as soon as the discovery of the fraud was made, that the case was brought in the equity side of the court, and by it he sought to have his contract adjudged void and canceled, to have the defendants perpetually enjoined from asserting the validity of the agreement or bringing or maintaining

any action in law or equity based thereon, and for judgment against all of the defendants for the consideration paid. Here, however, the plaintiff concededly proceeded after the discovery upon the theory that he himself, without the aid of equity, would rescind. Having done that, he has elected to pursue that of the three concurrent remedies which allows him to rescind and sue for the restoration of what he parted with. He cannot now be allowed to revoke the election in the midst of this litigation and elect again. Were he permitted to do so, it might be difficult to keep him tied to any election hereafter, and he might with a show of reason urge that he be permitted a change of base as often as the exigencies of his case might prompt him, certainly until judgment. But that is not the law. His election has been made, and now that he has commenced his action it is conclusive. Conrow v. Little, supra; Terry v. Munger, supra; Yeomans v. Bell, supra; Citizens' National Bank v. Wetsel, supra. The interlocutory judgments appealed from should therefore be reversed, and the demurrers sustained, with costs.