An order to this effect may be entered.

---

JAMES M. MOTLEY, Plaintiff, *v.* THE MERCANTILE TRUST COMPANY et al., Defendants.*

(Supreme Court, New York Special Term, June, 1906.)

Pleading — Demurrer — Admissions by demurrer — Matters of inference.

Deceit: Matters of opinion; Pleading — Allegations of fraud in general.

Upon demurrer a complaint must be liberally construed; and it must be assumed, not only that the facts therein stated are true, but it will be deemed to allege what can, by fair and reasonable intendment, be implied from its allegations.

---

* Received too late for insertion in proper place.

> Though allegations which are merely estimates or expressions of opinions and expectancy do not constitute such misrepresenta- tions as will sustain an action for fraud, yet, where the complaint in such an action also contains material allegations of misrepre- sentations as to existing facts, the latter may be sufficient to support it.

DEMURRERS to complaint.

F. W. Frost, for plaintiff.

W. F. Goldbeck, for defendants.

GILDERSLEEVE, J.   There are some fifty-five defendants in this action, two of whom — *i. e.,* the Mercantile Trust Com- pany and Alvin W. Krech — have demurred to the complaint on the ground that it does not state facts sufficient to con- stitute a cause of action.   The complaint is very long and is based on the alleged fraud of the defendants.   It seems to me that it contains all the elements necessary to set forth a good cause of action for fraud against these defendants and each of them.   It alleges in detail representations by defend- ants and each of them as to existing facts, the falsity thereof, the knowledge of defendants of such falsity at the time the representations were made, their intent to deceive, the plain- tiff's reliance on such representations, deception, and injury. The demurring defendants cannot stand on the rule of law that allegations which are merely estimates or expressions of opinion and expectancy do not constitute such misrepresen- tations as will sustain an action for fraud, because there are material allegations of misrepresentations as to existing facts sufficient to support the complaint in that respect.   The very ingenious brief of the learned counsel for the demurring defendants is too technical in its objections to the sufficiency of the complaint, and gives too narrow a construction to the allegations therein contained.   Upon demurrer a com- plaint must be liberally construed.   Springfield Co. v. Keese- ville, 80 Hun, 162; 29 N. Y. Supp. 1130; Ellsworth v. Franklin, 99 App. Div. 119; 91 N. Y. Supp. 1040.   Not

only must it be assumed that the facts therein stated are true, but it will be deemed to allege what can, by fair and reasonable intendment, be implied from the allegations. Marie v. Garrison, 83 N. Y. 14; Millikin v. W. U. Tel. Co., 110 id. 403; 18 N. E. Rep. 251; 1 L. R. A. 281. My attention has been called to the case of Clarke v. Mercantile Trust Co., 95 N. Y. Supp. 1118. In that case the Special Term, by Mr. Justice Keogh, overruled a demurrer by this defendant, the Mercantile Trust Company, and the Appellate Division affirmed the court below without any opinion; but Mr. Justice Hooker wrote a dissenting opinion of considerable length. From the facts as gathered from this dissenting opinion the Clarke case appears to be very similar to the one at bar, with the exception that in the Clarke case there was an allegation of a tender, and Mr. Justice Hooker sought to hold that, by the allegation of tender and the allegation that plaintiff was still willing to deliver the securities, upon receipt of the money paid, the plaintiff had elected to rescind his contract, and, therefore, could not then bring an action in tort for damages for fraud. This element of objection to the complaint is entirely absent from the case at bar, which is clearly an action in tort for damages for fraud. It would, therefore, appear that the case at bar presents, if anything, a stronger one in favor of the complaint than the Clarke case, in which, as we have seen, the complaint was upheld.

I am of the opinion that both of the demurrers must be overruled, with leave to answer on payment of costs.

Demurrers overruled, with leave to answer on payment of costs.