DAVID SCHWARTZ and Another, Plaintiffs, *v.* TESSIE JACOBS and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, November 19, 1934.

*Harris Koppelman,* for the plaintiffs.

*S. Louis Soss,* for defendant Joseph Jacobs.

LEWIS, DAVID C., J. The plaintiffs move for a body execution. The defendant opposes on the ground that this action must be considered solely as an action to secure restitution, based upon rescission.

If defendant's argument is sound, the case cannot come within the province of sections 764 and 826 of the Civil Practice Act and a body execution cannot issue.

The amended complaint, among other things, alleges that the defendant, *in order to induce the plaintiffs to part with the sum of $800* and deliver the same to the defendant, *falsely and fraudulently represented* to the plaintiffs that the National Yiddish Star Corpora-

tion was the owner of premises 111 East Houston street in the borough of Manhattan, city of New York, and that the defendant Joseph Jacobs and his wife were the stockholders in and officers of said corporation; *that the plaintiffs, relying upon such representations, and believing same* to be true, entered into a lease with the National Yiddish Star Corporation and parted with the sum of $800 and delivered the said sum to the defendant; that the said representations were *false, and known to be false to the defendant;* that the said National Yiddish Star Corporation was not the owner of the said premises, and the defendant and his wife were not stockholders and officers of the said corporation; that the defendant converted the said sum of $800, and that by reason of said facts the plaintiffs were damaged in at least the sum of $800. (Italics mine.)

Upon this amended complaint the case was tried; the issues were submitted to the jury; and they rendered their verdict in favor of the plaintiffs.

However, aside from the complaint, certain outstanding facts must be considered: This lease never had any practical existence. Long before this action was begun, this lease, in fact as well as in law, had become extinct. For within a few weeks after the inception of the term, summary proceedings had been instituted by the landlord of the plaintiffs' lessor (to which proceedings the plaintiffs were a party) and a final order had been entered, and a warrant had been duly issued.

So when this action was instituted, the plaintiffs had and held nothing; and they could rescind nothing.

Yet, in the face of these realities, this defendant insists that this action must be classified and tested as an action for restitution based upon rescission.

The defendant's conclusion is built entirely on theory — not fact. His argument confines us exclusively to the language of the pleading, and to the amount of the damages demanded. The defendant insists that because the complaint does not expressly state in *hæc verba* that the defendant *intended* to defraud the plaintiffs, the complaint is fatally defective as a count of fraud.

Fortunately, that is not the law today. If it were, the spirit of the new deal would demand a new code.

Much has been said and written on the subject of the distinction between actions for fraud and deceit, and actions for the recovery of a consideration based on a rescission looking to the original fraud in the inception of the contract. But it is not the mission of the authorities on this subject to defeat the ends of justice, nor to yoke any court to the strict letter of the law. Just as it is the intent — not merely the letter of the law — that governs its

construction, so it is the intent, and not merely the wording of a pleading, that rules its interpretation.

In stressing this very point, we find a learned court writing: " This language, taken together, I think, by the reasonable intendment, makes out the allegation of bad faith and evil intention on the part of the defendant, though a concise averment in the terms mentioned in the books would have been better pleading, and more in accordance with the spirit of the code." (*Zabriskie* v. *Smith*, 13 N. Y. 322, 330; see, also, *Elwell* v. *Russell*, 29 App. Div. 436.) (See, also, *Fredericks* v. *Kreuder*, 137 id. 325.) And this intent may be established from the existing surrounding circumstances and facts. (*Morris* v. *Talcott*, 29 Hun, 426.)

The defendant clings tenaciously to the proposition that because the complaint seeks to recover the entire consideration that for this reason the action must be classified as one for rescission.

This argument depends entirely on the rule that in an action for fraud and deceit, the measure of damages must be the difference between what a party paid, and the value of what he received; while in rescission a plaintiff is entitled to a refund *in toto*. Were we to concede that the complaint incorporates an improper measure of damages, our conclusion is nevertheless unaffected. For a demand for excessive relief is not a fatal sin. A bad prayer need not ruin a good complaint.

" A demand for the wrong measure of damages in the prayer for judgment is not fatal, provided damage be shown and the cause of action otherwise sufficiently alleged. The prayer for relief sometimes is helpful, but is not conclusive in determining the nature of the cause of action attempted to be stated." (*Sorenson* v. *Keesey H. Co.*, 244 N. Y. 73, at p. 80.)

Be that as it may, we cannot be blind to salient facts before us. In this case, a few weeks subsequent to the commencement of the term, the plaintiffs found themselves dispossessed of the premises and disseized of their lease. They were out of the premises as well as out of pocket. The value of the hiring turned out to be nil. The price paid remained $800.

Under such circumstances, law, logic, common equity and simple mathematics put the plaintiffs' damages at $800, the difference between the purchase price paid by the plaintiffs and the actual value of the lease they received. The reasoning might differ, but the result is the same.

And in reaching a decision the court is mindful of the fact that the remedy of a body execution is provided as an additional, collateral aid to the enforcement of a judgment in an action on con-

tract, expressed or implied, where fraud induced the debt. (*Frey v. Torrey*, 70 App. Div. 166, at p. 171; affd., 175 N. Y. 501; *Citizens National Bank* v. *Wetsel*, 96 App. Div. 85, 91.)

And so it appears that the opposition has sought shelter in a house of straw; and the inevitable fate befalls it.

Application for a body execution is allowed.

Submit order on two days' notice.