SAMUEL BERKNER, Plaintiff, *v.* LOUIS RUBIN, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, December 5, 1932.

*Edward Rager Akselrad*, for the plaintiff.

*Jacob Aginskee*, for the defendant.

GENUNG, J. The plaintiff brings an action for goods sold and delivered, between September 24, 1931, and March 11, 1932, in the sum of $920.28, credit having been extended in reliance upon a financial statement issued by the defendant on or about July 17, 1932, which was later found to contain false representations. Of this amount $200 was paid, leaving a balance of $720.28, for which two promissory notes were given and discounted by the plaintiff's bank and not paid. On March 28, 1932, the defendant, Louis Rubin, was adjudicated a bankrupt on his own petition in the United States District Court for the Eastern District of New York.

The action was instituted on November 17, 1932, by the service

of a summons and complaint, with a schedule annexed thereto, in pursuance of section 255-a of the Civil Practice Act. At the time of the service of the summons and complaint, the defendant was arrested under an order of civil arrest, dated November 17, 1932, and granted under subdivision 10 of section 826 of the Civil Practice Act, on the ground that the defendant made a false financial statement which induced the sale by the plaintiff of the merchandise as specified in the complaint herein. The defendant was brought by the city marshal before the court on November 18, 1932, in accordance with sections 31 and 32 of the Municipal Court Code, and the trial was set for November 21, 1932. On November 19, 1932, the defendant gave a surety company bond for bail and was released. On Monday, November 21, 1932, the action was called for trial and the defendant made a motion to dismiss the order of arrest, on the ground that the plaintiff had violated section 25 of the Civil Rights Law in causing the arrest. Since the papers in support of the motion did not show that the defendant had been either " subpœnaed or ordered to attend," as provided by section 25 of the Civil Rights Law, but attended as a party at the bankruptcy hearing, when he was arrested, and since this was the first time this objection was raised, after the defendant appeared generally and not specially, and after having furnished bail, the motion was denied and the defendant was directed to proceed with the trial. At the defendant's request, the trial was adjourned until the following day, November 22, 1932, and on that day the trial was again adjourned, at defendant's request, to allow the filing and serving of an answer, until November 23, 1932.

At the trial it was established that on July 17, 1931, the defendant did not have in the Irving Trust Company account the sum of $1,111.60, as alleged in the statement, but the sum of $300 in the form of a note given by a relative and carried on other books as a loan and bill payable. It was further established that on said date the defendant owed $1,282.13, instead of the sum of $517.75, as alleged in the statement. It was established that the financial statement was false in other respects. The defendant refused to admit his signature on the financial statement, on the ground that it might tend to incriminate and degrade him, but the genuineness of his signature was established by other proof and documents filed in the bankruptcy proceedings. The evidence disclosed and the court finds that the said defendant made and filed a false financial statement, that the statement was false and known to be false, that the contents of said statement were communicated to plaintiff, that he relied on the statement, and that solely on reliance on said statement he sold and continued to sell to the defendant merchandise

and more specifically the merchandise mentioned in the complaint herein, and that he believed the statement to be true, and in reliance thereon was damaged in the sum demanded.

The liability of the defendant is contractual and the fraud is alleged to satisfy the requirements of section 826 of the Civil Practice Act. (*Elwell* v. *Russell*, 29 App. Div. 436; *Frey* v. *Torrey*, 70 id. 166; affd., 175 N. Y. 501; *Citizens' National Bank* v. *Wetsel*, 96 App. Div. 85.) Although plaintiff cannot succeed at the trial unless fraud is proved, yet this is only necessary for sustaining the order of arrest. The plaintiff's cause of action on contract being admitted and especially the non-payment by the defendant of the sum of $725.46, including protest fees, fraud is only necessary to be proved, not to show damages to the plaintiff, but to sustain the validity of the order of arrest and to entitle the plaintiff to a body execution on the judgment. The fraud of the defendant was clearly established. (*Taylor* v. *Guest*, 58 N. Y. 262; *Loos* v. *Wilkinson*, 110 id. 195; *Townsend* v. *Felthousen*, 156 id. 618; *Hickok* v. *Cowperthwait*, 134 App. Div. 617.) The financial statement was a continuing statement of the defendant's condition and the plaintiff had a right to rely on it. (*Lewisohn* v. *Apple*, 43 Hun, 640.) Since the defendant expressly represented the statement to be a true statement of his assets and liabilities to his personal knowledge and his knowledge was not denied by him at the trial, the result is actionable fraud. (*Bystrom* v. *Villard*, 175 App. Div. 433.) (See, also, *Berlin Const. Co.* v. *Hoops*, 185 id. 277.)

The contention of the defendant that the plaintiff, by filing a proof of claim in the bankruptcy proceedings, elected to proceed in the United States District Court and waived his right to bring the action in the Municipal Court, is not sustained by authority. (*Georgi* v. *Texas Company*, 225 N. Y. 410; *Hall* v. *Grays*, 227 App. Div. 337; *Frey* v. *Torrey*, 175 N. Y. 501.) It appears that the proof of claim was filed in April, 1932, and the falsity of the financial statement filed by the defendant was not discovered until October, 1932, during an examination of the defendant in the bankruptcy proceedings. In *Frey* v. *Torrey* (*supra*) the following questions were certified by the Appellate Division:

" *First.* Has a creditor of a bankrupt, who has proved his claim against the bankrupt in proceedings in bankruptcy under the act of Congress entitled ' An act to establish a uniform system of bankruptcy throughout the United States,' passed July 1, 1898, as a debt due him from the bankrupt, made such an election of remedies as will preclude him, after the bankrupt's discharge, from maintaining an action upon the same debt, which has not been paid, where he alleges and proves in order to overcome the defense of a

discharge in bankruptcy, that such a debt was created by the fraud of the bankrupt? *Second.* Under subvidision 4 of section 17 of said act, does a discharge in bankruptcy under said act release the bankrupt from a debt which was created by his fraud, but not while acting as an officer or in any fiduciary capacity, where such debt has not been reduced to, or merged in, a judgment? "

The Court of Appeals answered both questions in the negative.

Plaintiff having established his right to an order of arrest under section 826 of the Civil Practice Act, and the order of arrest not having been vacated upon the proof taken at the trial, the plaintiff is entitled to recover judgment for the sum of $725.46, with body execution against the defendant. Five days' stay of execution.