JEAN GUY POSWICK, Also Known as GUY POSWICK, Appellant, *v.* RULOFF E. CUTTEN and THEODORE A. LAUER, Respondents, Impleaded with Others, Individually and as Copartners Trading under the Firm Name and Style of E. F. HUTTON & COMPANY, and Others, and BERTRAND COLES NEIDECKER and GEORGE W. NEIDECKER, Individually and as Copartners Trading under the Names of NEIDECKER ET CIE, etc., Defendants.

First Department, December 1, 1939.

*John J. Corwin* of counsel [*Ralph B. Neuburger* with him on the brief; *Levien, Singer & Neuburger*, attorneys], for the appellant.

*Francis J. Fitzpatrick* of counsel [*Tompkins, Boal & Tompkins*, attorneys], for the respondents Ruloff E. Cutten and Theodore A. Lauer.

CALLAHAN, J.   Plaintiff appeals from an order denying his motion to strike out the first and second complete and separate defenses contained in the answers of the respondents Cutten and Lauer, on the ground that the said defenses were insufficient in law.

Plaintiff's complaint asserts two causes of action, both of which sound in tort; the first being a claim for damages for conversion, and the second for damages for fraud.   The claims arose out of the alleged misconduct of respondents in connection with the purchase of certain stocks by plaintiff.

The answer sets forth two purported complete defenses: the first, in brief, asserts an election of remedies by the plaintiff, and the second consists of a plea of *res adjudicata*.   The basis of both defenses is the alleged legal effect of the participation by the plaintiff in the bankruptcy proceedings of the defendants Neidecker.   The first defense asserts an election by plaintiff as a creditor in the bankruptcy proceedings to hold the Neideckers as principals with regard to the purchase of the stocks, and that, therefore, plaintiff may not hold respondents as principals in this action.   The second defense, briefly stated, asserts that the respondents were in possession of the stocks claimed by plaintiff, and that the receiver in bankruptcy, was directed by the court to sell these stocks and pay off respondents' lien thereon; that respondents' lien was thereby recognized as valid,

and after said sale plaintiff, as a reclamation creditor in the bankruptcy proceedings, accepted part of the net proceeds derived therefrom. Respondents assert that the effect of the acceptance of such proceeds is to estop the plaintiff from denying the legal right of respondents to have possession of the stock.

The first defense is insufficient. Plaintiff's complaint does not proceed solely on the theory that the Neideckers acted as respondents' agents. The complaint is broad enough to permit proof of a conversion, or the commission of a fraud, in which either the Neideckers or respondents, or both, acted as principals. That plaintiff might attempt, on the trial, to proceed on the theory of the Neideckers' right to bind respondents as their agents would not add to the merits of the first defense. Assuming that such agency is claimed, no defense of election of remedies would be available to respondents, nor would plaintiff be estopped from asserting such agency. No situation of undisclosed principal is involved herein. That plaintiff may have asserted, in a petition filed by him in the bankruptcy proceeding, that the Neideckers acted as principals would not constitute an election of remedies which would be available as a defense to the present action for respondents' alleged torts. Joint tort feasors may be held concurrently liable whether they acted as principals or agents in the commission of wrongs. (*Bruff* v. *Mali*, 36 N. Y. 200; *Commercial Credit Corp.* v. *Wells*, 228 App. Div. 402; 1 Cooley on Torts [4th ed.], § 23; 1 Mechem on Agency [2d ed.], § 1452.)

Furthermore, it is the rule that a creditor who has a claim against a bankrupt which might have been enforced in tort or in implied contract is required to prove his claim in bankruptcy and if he abstains from doing so the claim, if provable, will be discharged. (*Crawford* v. *Burke*, 195 U. S. 176.) Because the creditor has no choice of remedies under such circumstances, the presentation of a claim on contract in bankruptcy is not deemed an election of remedies that will bar a subsequent action in tort for the unsatisfied portion of the creditor's claim. (*Friend* v. *Talcott*, 228 U. S. 27; *Meyer* v. *Price*, 250 N. Y. 370; *Korns* v. *Thomson & McKinnon*, 22 F. Supp. 442.) Under the circumstances, and because there is no inconsistency in the claims made in the present case, the doctrine of election of remedies set forth in *Terry* v. *Munger* (121 N. Y. 161) would not be applicable here.

The effect that a discharge in bankruptcy would have upon claims against the bankrupts for conversion or fraud, might depend upon whether the conversion was a malicious or willful injury to property, or the fraud an actual or constructive one. (*McIntyre* v. *Kavanaugh*, 242 U. S. 138; *Bank of Williamsville* v. *Amherst Motor Sales*,

*Inc.,* 234 App. Div. 261.) Such a discharge, however, would constitute no defense to an action brought against a joint tort feasor.

Having determined that the defense of election of remedies would not be available to respondents under common-law principles, we need not pass on the question of whether the new statutes which modify the rule of election of remedies (Civ. Prac. Act, §§ 112-a, 112-b and 112-c) apply to the present action.

The second defense of *res adjudicata* must likewise be held insufficient because no estoppel by judgment would arise on the facts pleaded therein. The payment of a sum of money to the respondents by the receiver in bankruptcy, in order to satisfy a claim by respondents for an alleged lien on the stock, bound only the receiver and the respondents and constituted no adjudication of the validity of respondents' possession of the stock that would estop plaintiff in this action. (*Massee & Felton Lumber Co.* v. *Benenson,* 23 F. [2d] 107.) This would seem to be so as a matter of law in any case (*Friend* v. *Talcott, supra*), but it is undoubtedly so in this case, because here plaintiff had taken no part in the bankruptcy proceedings until many months after the payment by the receiver to respondents.

The validity of the present defenses must be determined in light of the nature of the causes of action pleaded in the complaint. If, upon the trial, the plaintiff attempts to assert different theories from those set forth in his complaint, the right may be afforded to the defendants to reassert any valid defense to the new causes of action.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.