In the Matter of the Examination in Supplementary Proceedings of GEORGE C. RILEY, Judgment Debtor, Respondent. GERTRUDE M. DRAPER, Judgment Creditor, Appellant.

Fourth Department, May 14, 1943.

*Ford White* for appellant.

*George C. Riley,* in person, and *William G. Dargan* for respondent.

*Per Curiam.* The appellant is a lay person. The respondent is a seasoned attorney. The respondent conducted some very difficult litigation for the appellant to a successful conclusion. Involved in the litigation was the appellant's right to recover on policies of life insurance and a bank deposit which she claimed had been given to her by a deceased friend. Upon the recovery of the bank deposit, appellant paid to the respondent his fee in that branch of the litigation. Upon the recovery on the life insurance policies, which amounted to about $14,000, the appellant, forgetful of her duty to her attorney, notified the

insurance company, in substance, not to pay anything through him. The respondent thereupon instituted a court proceeding against the appellant to have the value of his services determined and paid. Faced with this litigation, the appellant relented and entered into an agreement with the respondent wherein it was agreed that the respondent was to receive for his services in the insurance litigation the sum of $3,000 and that the insurance company was to pay over to the respondent the sum of about $4,146.40 out of which respondent was to deduct his fee of $3,000 and remit the balance of $1,146.40 to the appellant. The insurance company paid the $4,146.40 to the respondent. The respondent deducted his fee of $3,000 but he did not remit to the appellant the $1,146.40 as agreed. Unmindful of his promise to pay over and of his duty as an attorney and trustee, the respondent converted and appropriated to his own use the sum of $505 out of the $1,146.40 he was to remit to the appellant upon the indefensible claim that he was entitled to retain that amount because of the proceeding he was forced to bring to protect his lien. He sent the appellant a check for only $641.40 accompanied by a letter which clearly inferred that appellant could either surrender or litigate the value of his services. It is to be noted that respondent did not rescind, or offer to rescind, the settlement agreement or to restore the $3,000 he had received thereunder.

The appellant sued the respondent for conversion and he answered and defended the suit. The trial court struck from the complaint the allegations as to conversion on the ground that the appellant had not proved a demand for the return of the money. The case went to the jury on the theory of money had and received. The jury found for the plaintiff.

While that action was pending, the respondent filed a petition in bankruptcy in which he listed that suit as a disputed claim. He was adjudicated a bankrupt prior to the trial of said action. Appellant filed a claim on her judgment with the trustee but received nothing on account thereof. The respondent was relieved from his dischargeable debts on October 15, 1941.

In September, 1941, the appellant instituted proceedings supplementary to judgment upon her judgment for the purpose of examining the respondent as to his property. The respondent then moved to vacate the order for his examination. The motion was granted on the theory that the judgment had been discharged in bankruptcy. We are to review the order granting the motion.

In determining whether or not a judgment is dischargeable in bankruptcy, the court is not concluded by the form of the action or the allegations of the complaint or the recitals of the judgment. It can review the whole record to determine the character of the act. (*Bank of Williamsville* v. *Amherst Motor Sales, Inc.*, 234 App. Div. 261, 263.) Ordinarily an attorney is not guilty of conversion by refusing to turn over property in his hands belonging to his client. (*Jackson* v. *Moore*, 72 App. Div. 217, 219.) But that rule does not apply here because the respondent had been fully paid and because he had received the $505 for the sole purpose of paying it over to the appellant. He held this money as trustee for the appellant. (*Matter of Walsh*, 217 App. Div. 437, 440.) The relation between the appellant and the respondent was not that of debtor and creditor. It was a fiduciary one. (*Wolfe* v. *Mack*, 81 Misc. 185, 188, appeal dismissed 160 App. Div. 926.) In the first instance the respondent was in lawful possession of this money. But the money belonged to the appellant. "Indirect conversion exists when, being rightfully in possession, there is a wrongful assumption of title as against the true owner." (1 Wait's New York Practice, § 3, pp. 584, 585; *Laverty* v. *Snethen*, 68 N. Y. 522, 524.)

It was not necessary to allege or prove a demand because the respondent had notified the appellant that he would not pay over the money to her. A demand is required only in cases where it is necessary to turn a lawful possession into an unlawful one. (*Bernstein* v. *Warland*, 33 Misc. 280, 282; *Employers' Fire Ins. Co.* v. *Cotten*, 245 N. Y. 102, 105.)

The presentation of a claim in bankruptcy is not deemed an election of remedies that will bar a subsequent action in tort for the unsatisfied portion of the creditor's claim. (*Poswick* v. *Cutten*, 258 App. Div. 218, 220.) The fact that appellant retained the check sent to her by the respondent did not amount to an accord and satisfaction. (*Locomobile Co. of America* v. *Nichols*, 167 App. Div. 849, 853.)

The inference is clear that the respondent received the money from the insurance company for the sole purpose of paying to himself the amount of his fee and of remitting the balance to the appellant. Under this situation, he would have no charging lien on the fund and the conclusion that he converted the money is inescapable. That he converted this money is also borne out by the fact that he failed to pay it over to the appellant upon the recovery of her judgment against him. So far as appears, he did not include the $505 among his assets in his bankruptcy schedules.

We reach the conclusion that the respondent had possession of the $505 in a fiduciary capacity and that he wilfully, wrongfully and intentionally converted the same to his own use and that, consequently, appellant's judgment is one that is not dischargeable under subdivision (4) of section 17 of the Bankruptcy Act [U. S. Code, tit. 11, § 35, subd. (4)].

The order should be reversed on the law and facts, with ten dollars costs and disbursements, and the motion to vacate denied, with ten dollars costs.

All concur, except CROSBY, P. J., and McCURN, J., who dissent and vote for affirmance. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.