52 N.J. Super. 243 (1958)
145 A.2d 351
WILLIAM WASYLKIW, PLAINTIFF,
v.
PETER JENDROWSKI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 10, 1958.
*244 Messrs. Sandles & Sandles (Mr. Lester Sandles appearing), attorneys for plaintiff.
Mr. Nathan A. Whitfield, attorney for defendant.
SULLIVAN, J.S.C.
In essence this is an application to determine whether a consent money judgment entered in the Chancery Division of this Court is affected by the defendant's subsequent discharge in bankruptcy.
In August 1955 the plaintiff filed suit against the defendant charging that he had entrusted defendant with certain shares of corporate stock under an agreement that plaintiff's proprietary interest in the stock was not to be affected in any way. When plaintiff demanded the return of his stock the defendant did not comply with the demand. The prayers of the complaint were that the defendant be directed to return said stock in specie or, if the defendant has converted *245 the same, that a judgment be rendered for money damages equal to the value of the stock.
The defendant filed an answer denying any wrongdoing and setting up the defenses of gift or loan. Thereafter the parties worked out a settlement of the suit and a consent judgment, signed personally by the defendant as well as by his attorney, was entered.
Said judgment contains the following recital:
"* * * and it appearing that a complaint has been filed herein in which the plaintiff has charged, among other things, that the defendant has unlawfully converted unto his own use, as trustee, certain stocks belonging to the plaintiff, and in addition thereto seeks an accounting with respect to the value of same and dividends thereon, and it appearing that the defendant admits said charges and that the defendant has agreed to pay to the plaintiff the sum of $3,000,
It is, on this 2nd day of April, 1956,
ORDERED AND ADJUDGED that judgment be entered against the defendant, Peter Jendrowski, in favor of the plaintiff in the sum of $3,000; * * *."
Thereafter and on May 16, 1957 the defendant filed a petition in bankruptcy, listing therein the aforesaid judgment as one of his debts. On September 3, 1957 defendant was adjudicated a bankrupt and received a discharge. Plaintiff did not participate in the bankruptcy proceedings. Defendant has now applied to this court for a ruling that the judgment entered in this cause on April 2, 1956 has been released by the discharge in bankruptcy.
The pertinent section of the Bankruptcy Act, 11 U.S.C.A. § 35, reads as follows:
"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowed in full or in part except such as * * * (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity * * *."
If a debt belongs to one of the classes which the Bankruptcy Act, supra, excepts from the operation of a discharge, the fact that the creditor did not oppose the *246 discharge does not bar him from enforcing his claim against the bankrupt after the discharge. While the granting of a discharge in bankruptcy is exclusively a function of the bankruptcy court, the effect of such discharge is for any court in which it is duly pleaded or otherwise properly submitted for judgment. 8 C.J.S. Bankruptcy § 559(b). Where, however, a judgment debtor has received a discharge in bankruptcy, a judgment creditor has the burden of showing that his judgment has not been released by the discharge in bankruptcy and that the debt on which his judgment is based comes within the exceptions listed in the Bankruptcy Act, supra. Wegiel v. Hogan, 28 N.J. Super. 144 (App. Div. 1953).
The argument by defendant that this was a simple money judgment which has been wiped out by the discharge in bankruptcy is without merit. Nor is it necessary to have a hearing as requested by defendant in order to determine the actual basis for the judgment. It is clear from the pleading itself what the basis for its entry was. The judgment was consented to by defendant as well as his attorney. It recites that the plaintiff has charged the defendant with unlawfully converting unto his own use, as trustee, certain stocks belonging to the plaintiff, and that the defendant admits said charges. The formal judgment for $3,000 thereafter follows. On the defendant's own admission it appears that the debt on which the judgment is founded was created by defendant's "fraud, embezzlement, misappropriation or defalcation while acting in a fiduciary capacity." Such debt or the judgment entered thereon is not released by defendant's discharge in bankruptcy. The application by defendant is therefore denied.