**Nettie FIERMAN**

v.

**Lawrence S. LAZARUS and Fannie P. Lazarus, his wife.**

**Civ. A. No. 68-2682.**

United States District Court,
E. D. Pennsylvania.

July 31, 1973.

478

Harry L. Kaufman, Philadelphia, Pa., for plaintiff.

Eric L. Lilian, Legal Aid Society of Philadelphia, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff, Nettie Fierman, a citizen of the State of New York, instituted the present action upon a judgment rendered by the Supreme Court of the State of New York, County of Bronx. Defendants, Lawrence S. Lazarus and Fannie P. Lazarus, are the son-in-law and daughter of plaintiff, and are citizens of the Commonwealth of Pennsylvania. This court has jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a)(1).

The record discloses the following facts:

On May 1, 1961, plaintiff brought an action against defendants in the Supreme Court of New York, County of Bronx, Index 6557–67. In the complaint filed in the New York action, plaintiff claimed that defendants owed her approximately $40,000; said sum, it was claimed, was taken from plaintiff by defendants' fraud, misrepresentation, threats, breach of trust, breach of duty, and infliction of bodily harm. Defendant Lawrence S. Lazarus generally denied the allegations of the complaint while defendant Fannie P. Lazarus denied mistreating plaintiff, but admitted to receiving $27,100.00 from plaintiff for the purpose of purchasing a home. The Supreme Court of New York considered all of the pleadings, affidavits and motions in the case before it, and thereupon granted a motion for summary judgment to plaintiff against both defendants for $27,100.00. On August 1, 1967, summary judgment in the amount of $27,100.00 was entered as final judgment for $35,642.73, including interest and costs to August 1, 1967. Defendants have never appealed from the judgment rendered by the New York court. On September 6, 1967, defendants Fannie P. Lazarus and Lawrence S. Lazarus filed Voluntary Petitions in Bankruptcy in the United States District Court for the Eastern District of New York, being Numbers 67B10032 and 67B10033, respectively. Among creditors scheduled by defendants in the bankruptcy proceeding was the plaintiff in the amount of $19,603.36 as a contingent debt, and for $35,642.73 as a liquidated debt. Defendants were adjudicated bankrupt by the Referee. Plaintiff filed a proof of claim in the bankruptcy proceeding alleging that the bankrupts obtained monies from her by fraudulent representations. Defendants were discharged in bankruptcy; plaintiff made no objection to such discharge.

Plaintiff now brings this action on the judgment obtained by her against defendants in the Supreme Court of New York. Defendants claim that plaintiff's New York judgment was discharged by the adjudication in the Bankruptcy Court for the Eastern District of New York and that their prior discharge in bankruptcy affords a valid defense to this action on the judgment. On the other hand, to escape the effect of defendants' discharge in bankruptcy, plaintiff maintains her New York judgment was based on defendants' fraud and false pretenses and that such debts

are not dischargeable. At this juncture, we note that recent amendments to §§ 2a(12), 14, 17, 38 and 58 of the Bankruptcy Act confer upon the bankruptcy court general jurisdiction to determine a bankrupt's right to a discharge as well as the effect of a discharge when granted. These amendments, however, apply to bankruptcy proceedings instituted after December 18, 1970, and are therefore not applicable to the instant case. See Pub.L.No. 91–467, 91st Cong., 2d Sess. (1970). The issues involved herein relative to dischargeability of a bankrupt's debts will be decided and disposed of pursuant to the law as it existed prior to the effective date of the aforesaid amendments. Briefly stated, the former provisions of the Bankruptcy Act relating to discharge, empowered the Bankruptcy Court to determine the right to a discharge but did not generally give it jurisdiction to determine which debts were in fact discharged. The effect of the discharge when obtained was ordinarily determined whenever and wherever the enforcement of a debt was attempted against the bankrupt. Watts v. Ellithorpe, 135 F.2d 1 (1st Cir. 1943); Re Mirkus, 289 F.Supp. 732 (2nd Cir. 1923); In Matter of Lowe, 36 F.Supp. 772 (W.D.Ky.1941).

■ Contrary to defendants' assertions, plaintiff's filing of a proof of claim in the Bankruptcy Court did not preclude plaintiff from suing on the New York judgment if her claim was, in fact, non-dischargeable as set forth in § 17 of the Bankruptcy Act. Berkner v. Rubin, 145 Misc. 666, 260 N.Y.S. 747 (1932); Elston v. Rusch, 250 Mich. 221, 229 N.W. 503 (1930). Moreover, even though plaintiff did not oppose granting of defendants' discharge, she could nevertheless be entitled to the benefit of Section 17 of Bankruptcy Act. Friend v. Talcott, 228 U.S. 27, 33 S.Ct. 505, 57 L.Ed. 718 (1913); Wasylkiw v. Jendrowski, 52 N.J.Super. 243, 145 A.2d 351 (1958); Multiple Trading Corp. v. Saggese, 178 Misc. 1077, 37 N.Y.S.2d 296 (1942); In Re Anthony, 42 F.Supp.

312 (E.D.Ill.1941); In Re Weitzman, 11 F.2d 897 (N.D.Tex.1923).

The principal question before this Court is whether the judgment obtained by plaintiff against defendants in the Supreme Court of New York is dischargeable in bankruptcy. As authority for her position that the judgment was not dischargeable, plaintiff relies principally on Section 17(a)(2) and (4) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2) and (4) which provided in relevant part:

> "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, *except such as . . .* (2) *are liabilities for obtaining money or property by false pretenses or false representations,* or for willful and malicious injuries to the person or property of another . . . or (4) *were created by his fraud,* embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. . . ." (Emphasis added).

We note here that although the 1970 amendments to the Bankruptcy Act included some revision of the listing of non-dischargeable debts enumerated in § 17a, 11 U.S.C. § 35(a)(2–6), there has been no change in the substance of the non-dischargeable debts.

■■ In order to determine whether the liability of defendants as judgment debtors, was excepted by 11 U.S.C. § 35(a) from release which would be otherwise effected by their discharge in bankruptcy, the nature and character of liability on which the New York judgment was founded must first be determined. Maier v. Maier, 77 Misc. 145, 135 N.Y.S. 1038 (1912). A claim which is not dischargeable under the provisions of the Bankruptcy Act is not made dischargeable by the recovery of a judgment thereon. See, In Re Lewensohn, 99 F. 73 (S.D.N.Y.1900), aff'd 104 F. 1006 (2nd Cir. 1900). The judgment of the New York Supreme Court must be accepted as valid. We need not redeter-

mine issues adjudicated by the Supreme Court of New York or decide whether that court erred. The relevant inquiry is whether upon the record it can be concluded that plaintiff's judgment was not discharged.

In the instant case, where a judgment is involved and bankruptcy is pleaded as a bar to plaintiff's action on the judgment, the court is not concluded by the form of judgment, by recitals of the judgment, by the form of action nor even by the allegations of plaintiff's complaint but may resort to and examine the entire record to determine the character of the claim and whether it comes within the purview of 11 U.S.C. § 35. In Re Riley, 266 App.Div. 160, 43 N.Y.S.2d 753, appeal dismissed, 294 N.Y. 825, 62 N.E.2d 245 (1943); Personal Finance Corporation v. Robinson, 27 N.Y.S.2d 6 (Sup.1941). Furthermore, in determining the nature of defendants' original liability, the Court may in context of the instant case, hear extrinsic evidence to aid in that determination. Martin v. Rosenbaum, 329 F.2d 817 (9th Cir. 1964); Greenfield v. Tuccillo, 129 F.2d 854 (2nd Cir. 1942); Welsh v. Old Dominion Bank, 229 A.2d 455 (D.C. App.1967); Levin v. Singer, 227 Md. 47, 175 A.2d 423 (1961); National Surety Co. v. Lanza, 42 N.Y.S.2d 370 (Sup. 1943). Neither the judgment of the Supreme Court of New York or minute order granting the judgment specified it was based on fraud; nor did either of those documents refer to fraud in any way. However, we have looked beyond the judgment and examined the underlying cause of action in determining the nature of defendants' liability. In Re Johnson, 323 F.2d 574 (3rd Cir. 1963). Moreover, we have investigated the facts which form the basis of the judgment; Proctor Securities Corp. v. Handler, 7 Misc.2d 9, 162 N.Y.S.2d 209 (1957); Belsey v. Deveraux, 150 Misc. 337, 269 N.Y.S. 127 (1934), aff'd, 242 App.Div. 603, 271 N.Y.S. 1018 (1934); as a result, the Court finds that the judgment recovered in the Supreme Court of New York was based upon the fraud of defendants.

Mindful of defendants' adamant position that there was no fraud, the Court took evidence to further determine the factual basis for plaintiff's cause of action. The additional evidence adduced at hearing also independently establishes that the basis of plaintiff's recovery was defendants' fraud. Thus, the Court is satisfied and convinced, by a preponderance of the evidence, that the judgment of the Supreme Court of New York is based on the existence of actual fraud necessary to bring plaintiff's claim within the statutory exception of 11 U.S.C. § 35(a)(2) and (4), and is therefore not dischargeable in bankruptcy. Proctor Securities Corp. v. Handler, supra; Matter of Benoit, 124 App.Div. 142, 108 N.Y.S. 889 (1908).

Accordingly, judgment is entered in favor of plaintiff and against defendants in the total amount of forty-eight thousand, four hundred seventy-four dollars and ten cents ($48,474.10) composed of principal in the amount of thirty-five thousand, six hundred forty-two dollars and seventy-three cents ($35,642.73) plus interest at 6% per year from August 1, 1967 to July 31, 1973 in the amount of twelve thousand, eight hundred thirty-one dollars and thirty-seven cents ($12,831.37), plus costs.

This memorandum will serve as the Court's findings of fact and conclusions of law as authorized by Rule 52 of the Federal Rules of Civil Procedure.