**In re Thomas Joseph JARREAU, Bankrupt.**

**Buffington S. MAYER, Jr., Plaintiff,**

v.

**Thomas Joseph JARREAU, Defendant.**

**No. 75–487.**

United States District Court, M. D. Louisiana.

Nov. 5, 1976.

---

C. Alvin Tyler, Baton Rouge, La., for Buffington S. Mayer, Jr.

James R. Coxe, III, Coxe & Coxe, Baton Rouge, La., for Thomas Joseph Jarreau.

E. GORDON WEST, District Judge:

This is an appeal from the ruling of the Bankruptcy Referee discharging the bankrupt, Thomas Joseph Jarreau, from all of his provable debts. The creditor, Buffington S. Mayer, Jr., objects to the discharge of a debt of $44,136.08. This claim is based on an accident which occurred on January 7, 1971, when an automobile driven by the bankrupt swerved into the creditor's lane of travel on Fairfields Avenue in Baton Rouge, Louisiana, severely injuring him. Suit was filed in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, for damages arising from the accident. No answer was filed by the bankrupt within the time allowed by law and so default judgment was entered against him in the above amount on July 25, 1972.

The bankrupt filed a voluntary bankruptcy on October 8, 1975. The plaintiff's debt was duly listed in his bankruptcy schedule. The plaintiff timely filed a complaint attacking the dischargeability of his debt. Hearing was held on this complaint on April 27, 1976. At the end of this hearing the Referee rendered judgment declaring the debt discharged. We affirm.

The creditor has based his complaint on the Bankruptcy Act, § 17a(8), Title 11, U.S.C. § 35(a)(8) which provides in pertinent part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (8) are liabilities for willful and malicious injuries to the person or property of another . . ."

The Referee had the task of determining whether the bankrupt's actions were such a reckless disregard for another as to fall within this exception to discharge. It is not the task of this Court to retry this matter and substitute our decision for the Referee's. "General Order (of Bankruptcy) provides that this Court shall accept the findings of the Referee unless they are clearly erroneous, or that the Referee's decision will not be set aside unless there is plain error or abuse of discretion." *In re Ken Boatman, Inc.*, 359 F.Supp. 1062 (W.D. La.–1973); *McDowell v. John Deere Industrial Equipment Co.*, 461 F.2d 48 (CA 6–1972); *Mazer v. United States*, 298 F.2d 579 (CA 7–1962). See also Bankruptcy Rule 810. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1947); *McDowell v. John Deere Industrial Equipment Co.*, supra; *In re Kirk Kabinets, Inc.*, 393 F.Supp. 798 (M.D.Ga.1975). From our reading of the record the Court is not left with such an impression.

The record shows that January 7, 1971, the night of the accident, was cold and rainy. The road was slick with water.

Visibility was poor. The bankrupt testified that he was traveling at the speed limit when the accident occurred. This testimony went unchallenged.

The accident occurred when the bankrupt lost control of his car and skidded into the plaintiff's lane of travel. The front ends of the cars collided violently and the plaintiff was severely injured when he was pinned in his automobile.

The bankrupt remained at the scene after the accident until the investigating officers arrived. One of the officers noted a mild odor of alcohol on the bankrupt's breath. Although there is testimony that a field sobriety test was administered, no results from this test were in the record. The officers also testified that they could not remember whether the bankrupt had passed the field test. There were results of a Photo-Electric-Intoximeter (PEI) test in the record. This showed that the bankrupt registered a rating of 0.05 percent alcohol at 7:47 p. m. This was within the legal limit and the bankrupt was not charged with Driving While Intoxicated. He was ticketed for Improper Lane Usage. While there was an attempt by the plaintiff to have one of the investigating officers testify as to the time it takes for the effects of alcohol to wear off, the Referee ruled, and the officer himself admitted, that his expertise did not extend to this area.

We have considered the plaintiff's contention that the above facts require that the burden shift to the bankrupt to exculpate himself from a presumption of nondischargeability as provided in Title 11, U.S.C. § 32(c). To shift this burden to the bankrupt, the creditor must show a prima facie case that the exception to discharge occurred. *In re Molden*, 300 F.2d 5 (CA 7–1962); *Mazer v. United States*, supra. The Referee heard the evidence and expressed an opinion that the plaintiff had not presented a prima facie case. He refused to grant an involuntary dismissal of the plaintiff's case, and ruled upon the evidence as presented by both parties. We cannot say that this action was "clearly erroneous."

We have also considered the case of *Harrison v. Donnelly,* 153 F.2d 588 (CA 8–1946), which the plaintiff cites as analogous to this case. While there are some superficial similarities between that case and the present one, the Court's determination that the debt was not dischargeable in the *Harrison* case rested upon its finding that the Missouri Court could not have awarded punitive damages in its default judgment unless there had been a showing of ". . . wilful, wanton, oppressive, or malicious" conduct. This was found to be the same "wilful and malicious" conduct as the Bankruptcy Act requires before a debt is declared nondischargeable. No such finding was made in the present case. The scope of the default judgment obtained by the plaintiff in the Louisiana Court is much narrower. As the Referee noted, there existed several grounds upon which the State Court could have found the bankrupt liable to the plaintiff. ". . . (W)here a judgment is involved and bankruptcy is pleaded as a bar to plaintiff's action on the judgment, the court is not concluded (sic) by the form of judgment, by recitals of the judgment by the form of action, nor even by the allegations of plaintiff's complaint but may resort to the entire record to determine the character of the claim and whether it comes within the purview of 11 U.S.C. § 35." *Fierman v. Lazarus,* 361 F.Supp. 477 (E.D. Penn.1973); *Chernick v. United States,* 492 F.2d 1349 (CA 7–1974); *National Homes Corporation v. Lester Industries, Inc.,* 336 F.Supp. 644 (W.D.Va.–1972). "In determining the nature of defendants' original liability, the Court may . . . hear extrinsic evidence to aid in that determination." *Fierman v. Lazarus, supra.* The Referee made his ruling upon the entire record before him. We cannot see that his ruling was an abuse of the discretion granted him under the Bankruptcy Act.

■ This Court is not unmindful of the extent of plaintiff's losses. He has suffered serious damage because of the bankrupt's actions. However, except for those limited instances where Congress has created exceptions to the discharge in bankruptcy, the bankrupt's discharge is absolute. While willful and malicious injuries are specifically made nondischargeable, it was the intent of Congress to make those injuries stemming from mere negligence dischargeable. *Rosen v. Shingleur,* 47 So.2d 141 (La.App. 1st Cir.–1950). The plaintiff having failed to prove that the actions of the bankrupt fall within Title 11, U.S.C. § 35(a)(8), the decision of the Bankruptcy Judge will be affirmed and judgment will be entered accordingly.