**In re Fred D. COMBS, Debtor.**

**Alvin RICHARDSON, Plaintiff,**

v.

**Fred Doyle COMBS, Defendant.**

**Bankruptcy No. 7-83-00922.**
**Adv. No. 7-84-0030.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

June 18, 1984.

---

Robert T. Copeland, Abingdon, Va., for debtor-defendant.

S. Strother Smith, III, Abingdon, Va., for plaintiff.

Cynthia D. Kinser, Pennington Gap, Va., Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The Plaintiff seeks summary judgment upon complaint seeking nondischargeability of a debt upon which a judgment heretofore was rendered in the cause of action by the United States District Court for this District.

The complaint herein seeks nondischargeability of the judgment rendered in the District Court upon a cause of action for damages as a result of an injury claimed by virtue of a willful and malicious act of the debtor. The Plaintiff filed with the court a copy of the jury verdict and order thereon entered by the District Court. The jury verdict contains the following language:

"We, the jury, find that the Defendant acted wilfully and maliciously and affix punitive damages as follows ..."

The jury thereupon fixed punitive damages in the sum of $1,300.00, together with the sum of $3,700.00 compensatory damages for hospital and doctors' bills, resulting in a judgment of $5,000.00 for which summary judgment is sought.

The Plaintiff contends that summary judgment is proper in that the prior District Court judgment is *res judicata* and/or collateral estoppel to this court considering

the factual circumstances and, hence, it is a matter of law.

11 U.S.C. §§ 523(a)(6) and 523(c) vest in this court jurisdiction to determine the dischargeability of a claim of this nature where the same is "for willful and malicious injury".

Motions for summary judgment are governed by *Bankruptcy Rule* 7056 (*Rule 56, Federal Rules of Civil Procedure*).

A line of cases decided by the Fourth Circuit, beginning with *Stevens v. Howard P. Johnson Co.,* 181 F.2d 390 (4th Cir. 1950), have strictly interpreted the law governing the use of summary judgment. *See Moreno v. University of Maryland,* 420 F.Supp. 541, 561 (D.Md.1976). It has been stated that the "Fourth Circuit has exhibited a definite reluctance to affirm cases decided upon summary judgment." *Green v. Wells,* 329 F.Supp. 559, 561 (D.Md.1971).

The Fourth Circuit acknowledged the validity of its decision in *Pierce v. Ford Motor Co.,* 190 F.2d 910 (4th Cir.1951), and also in *Phoenix Savings and Loan, Inc. v. Aetna Casualty and Sur. Co.,* 381 F.2d 245 (4th Cir.1967). In the latter case, the court reviewed the history of summary judgment decisions in the Fourth Circuit. In *Phoenix Savings and Loan,* the court articulated a standard, consistent with its earlier decisions, to be applied within the Circuit on ruling on a motion for summary judgment:

> "(S)ummary judgment under Rule 56 should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. This is true even where there is no dispute as to the evidentiary facts but only as to the conclusions or inferences to be drawn therefrom."

381 F.2d at 249. *See Kirkpatrick v. Consolidated Underwriters,* 227 F.2d 228 (4th Cir.1955).

In addition, the Fourth Circuit, in the *Phoenix* case, placed particular emphasis on its earlier decision in *American Fid. & Cas. Co. v. London & Edinburgh Ins. Co.,* 354 F.2d 214, 216 (4th Cir.1965), where it was stated:

> "Not merely must the historic facts be free of controversy, but also there must be no controversy as to the inferences to be drawn from them. It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances, the case is not one to be decided on a motion for summary judgment."

381 F.2d at 249.

■ It is clear that the burden is on the party moving for summary judgment to produce evidence which negates the opposing party's claim. *Sheridan v. Garrison,* 415 F.2d 699 (5th Cir.1969). The Court, in passing upon a motion for summary judgment, must view the facts in the light most favorable to the party opposing the motion and give to that party the benefit of reasonable inferences to be drawn from underlying facts. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). *See Lightfoot v. Board of Trustees,* 457 F.Supp. 135, 141 (D.Md.1978). Doubts by the court concerning the existence of a disputed material fact or inference must be resolved against the movant. *Phoenix Savings and Loan, Inc., supra.*

■ The burden on the non-moving party is not a heavy one. He need only demonstrate the existence of specific facts, as opposed to general allegations, that present to the court a genuine issue of material fact. Mr. Justice Marshall, in *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968), speaking for the Court, stated:

> "It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a

jury, or judge, to resolve the parties' differing versions of the truth at trial."

■ Summary judgment is not to be granted lightly and is not a substitute for the trial of disputed issues of fact. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Rather, the use of summary judgment is limited to an exceptional situation where "there is not genuine issue as to any material fact and . . . the moving party (is) entitled to a judgment as a matter of law." *Shahid v. Gulf Power Co.*, 291 F.2d 422, 423 (5th Cir.1961).

A "genuine" issue within the scope of *Rule* 56(c) has been variously described as a "triable", "substantial", or "real" issue of fact. The District Court for the Eastern District of Pennsylvania has defined a "genuine" issue as "one which can be supported by substantial evidence". *Chuy v. Philadelphia Eagles*, 407 F.Supp. 717, 723 n. 10 (E.D.Pa.1976). *See Lipschutz v. Gordon Jewelry Corp.*, 373 F.Supp. 375, 383 (S.D.Tex.1974).

■ In determining whether to grant summary judgment, a court must first establish those facts in the case which are "material". Material facts are defined as those facts which, by their nature, tend to prove or disprove elements of a disputed claim for relief. After this preliminary statement, the court must "then go beyond and behind the pleadings to find whether issues as to those facts, if any, are 'genuine'." *Chuy, supra.*

■ The court has an obligation to search the entire record of the matter before it determines whether to grant summary judgment. Judgment for the movant should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Federal Rule Civ.Pro.* 56(c). Those facts asserted by the party opposing the motion "which are supported by affidavits or other evidentiary material must be regarded as true." *Van Houton Service v. Shell Oil Co.*, 417 F.Supp. 523, 526 (D.N.J.1975). The Fourth

Circuit has explicitly indicated that "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances", summary judgment should not be granted. 381 F.2d 247, 249 (4th Cir.1967).

■ Several factors must be weighed by the court before deciding upon a motion for summary judgment. The court should consider:

> "(T)he need for cross-examination by the opposing party in relation to evidentiary materials, the general desirability of demeanor testimony, the factor of access to proof by the opposing party, and the desirability that the case receive the full exploration of a trial."

*Lipschutz v. Gordon Jewelry Corp., supra.* Other factors to be considered are the complexity of the case and the opposing party's reliance on circumstantial evidence. *Freedman v. Beneficial Corp.*, 406 F.Supp. 917, 921 (D.Del.1975). It has been held that such considerations are well within the court's discretion as to whether the granting of summary judgment is judicially proper.

■ The language of § 523(a)(6) and the wording of the jury verdict are essentially similar and, hence, it would appear that there is no issue which cannot be resolved by summary judgment. However, the courts have held that the rendition of a judgment upon the issue of liability is quite different from the issue raised in this court, which is one of dischargeability. The Fourth Circuit Court of Appeals, in *Hovermale v. Pigge*, 539 F.2d 369 (4th Cir. 1976), dealt with this subject under the prior Act, which is not dissimilar to the provisions of the 1978 Code.

In *Pigge*, the court was considering essentially the same issue involving a state court judgment which the creditor claimed was *res judicata* and a Bankruptcy Court could not go behind the judgment. The court stated, at p. 371, quoting 1A *Collier on Bankruptcy*, § 17.16, as follows:

> "The judgment in question is based on a liability that falls within the scope of

Sec. 17(a)(2). When it reaches the bankruptcy court the issue is one of dischargeability and not one of liability. While liability may have been adjudicated, the non-dischargeability of the liability has not been adjudicated. For the purposes of determining the dischargeability of the liability, the bankruptcy court should be able to base its findings on the facts relevant under § 17(a)(2) and not be bound by the findings of the state court. Furthermore, if the bankrupt were barred from relitigating those issues, the effect of the 1970 legislation of strengthening the discharge in bankruptcy would be greatly dissipated.

"And that has been expressly held in *In re Johnson* (3rd Cir.1963) 323 F.2d 574, 578; *Martin v. Rosenbaum* (9th Cir. 1964) 329 F.2d 817, 820; *Greenfield v. Tuccillo* (2nd Cir.1942) 129 F.2d 854, 856; *Fierman v. Lazarus* (E.D.Pa.1973) 361 F.Supp. 477, 480, aff'd (3rd Cir.) 493 F.2d 1400.

"*In re Johnson, supra,* the Court said:

'Since the Bankruptcy Act is specific as to non-dischargeable debts, it was permissible, even necessary in the circumstances, for the bankruptcy court to inquire into the nature of the liability which had been reduced to judgment in order to determine whether it falls within the Act, and further to inquire into the circumstances surrounding the creation of the debt or the entry of the judgment.'

"*Fierman v. Lazarus, supra,* is quite similar to this case. There, the Court summarized its conclusion thus:

'In the instant case, where a judgment is involved and bankruptcy is pleaded as a bar to plaintiff's action on the judgment, the court is not concluded by the form of judgment, by recitals of the judgment, by the form of action nor even by the allegations of plaintiff's complaint but may resort to and examine the entire record to determine the character of the claim and whether it comes within the purview of 11 U.S.C. § 35.' "

In addition to the Fourth Circuit Court of Appeals, it is well to note a recent Supreme Court decision along this line—*Brown v.*

*Felson,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767, 5 B.C.D. 226, wherein the court stated:

"Refusing to apply *res judicata* here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the bankruptcy court would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits."

Viewing the allegations of the complaint and documentation in support of the motion for summary judgment against the backdrop of the Supreme Court and Fourth Circuit Court of Appeals decisions necessarily precludes the granting of summary judgment and, accordingly, the motion for summary judgment is ORDERED denied and this case set for further pre-trial conference before this court at Abingdon on July 20, 1984, at 10:30 a.m., in Chambers.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor-Defendant, Debtor's attorney, Trustee, and to counsel for Plaintiff.