In re Louis H. BEHR and Patricia Lynn Behr, Debtors.

WILMINGTON TRUST COMPANY, a Delaware corporation, Plaintiff,

v.

Louis H. BEHR and Patricia Lynn Behr, Defendants.

Bankruptcy No. 83–00299K.

Adv. No. 83–0509K.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 27, 1984.

William J. Litvin, West Chester, Pa., Jeremy J. Abelson, Wilmington, Del., for plaintiff.

Steven M. Dranoff, Philadelphia, Pa., for defendants/debtors.

James Buckman, Philadelphia, Pa., Interim Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Wilmington Trust Company ("plaintiff") seeks summary judgment on its complaint to determine dischargeability of a debt. For the reasons stated therein, we find that the plaintiff is not entitled to summary judgment as a matter of law. Therefore, the request for summary judgment is denied and the matter will be set for trial.

## FACTS [1]

The plaintiff filed suit against the debtors, Mr. and Mrs. Behr, ("defendants") in the Superior Court of Delaware in 1982. The complaint specifically alleged that Mr. Behr deposited worthless checks in a business checking account at Wilmington Trust and later removed $10,286.63 in cash from the account before the worthless checks were returned to the plaintiff from the drawee bank.[2] The complaint further alleged that Mr. Behr converted the funds for his own use and that Mrs. Behr assumed dominion over all or part of the money converted with knowledge of her husband's fraudulent conduct.[3]

Prior to the institution of the state court action, the defendants repaid $2,510.00 of the funds owed. The matters alleged in the complaint were never tried. Furthermore, no answer to the complaint was ever filed by the defendants. The attorneys in the state court litigation stipulated to entry of judgment in favor of the plaintiff in the sum of $7,776.63 plus interest. When the defendants were unable to fulfill the terms of the stipulation, they filed a petition under Chapter 7 of the Bankruptcy Code listing the plaintiff as an unsecured creditor.

In response to the bankruptcy filing, the plaintiff filed a complaint to determine dischargeability,[4] requesting an exception to discharge pursuant to 11 U.S.C. § 523(a)(6) on the grounds that the defendants' acts constitute "willful and malicious injury" under § 523(a)(6).[5]

The plaintiff contends that summary judgment should be granted because the stipulation when combined with the state court complaint "are sufficiently probative" of the defendants' "intentional and unjustified conversion of plaintiff's assets to render the underlying debt nondischargeable under § 523(a)(6)".[6]

By stipulating to the entry of judgment, the plaintiff argues, the defendants admitted the truth of the allegations in the state court complaint:

> "By stipulating to the judgment in Delaware Superior Court ... the defendants have conceded that they intentionally coverted the funds from Wilmington Trust Company's deposit account to their own use knowing the deposited checks to be worthless."

Moreover, the plaintiff argues, the state court judgment should be accorded limited collateral estoppel effect and summary judgment should be granted because the defendants have failed to offer evidence controverting the presumptive validity of the state judgment.

The issues to be determined are whether there is sufficient evidence before the Court of the "willful and malicious", i.e., intentional, nature of the defendants' acts to warrant summary judgment and whether the stipulated judgment arising out of the state court litigation is to be accorded any collateral estoppel effect.

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

2. Plaintiff's opening brief, pp. 1–2, quoting paragraph 5 and 6 of the complaint filed in Delaware state court.

3. *Id.* paragraph 6.

4. The plaintiff amended the original complaint to include § 523(a)(6) as the appropriate provision for exception to discharge. Since the plaintiff's briefs discuss only § 523(a)(6) and not § 523(a)(2), we will find it unnecessary to discuss plaintiff's claim under § 523(a)(2).

5. Section 523(a)(6) provides:
   (a) a discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

6. Plaintiff's reply brief, p. 2.

## DISCUSSION

■ Under Fed.R.Civ.P. 56(c), which is applicable in this proceeding by virtue of Bankruptcy Rule 7056, summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". The courts "are to resolve any doubts as to the existence of genuine issues of fact against the moving parties". *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981); *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981). Inferences to be drawn from the underlying facts contained in the evidentiary sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976) *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

■ Section 523 of the Bankruptcy Code provides that certain debts of individuals are excepted from a discharge in bankruptcy. In objecting to the dischargeability of a debt, the burden of proof is on the party seeking the exception to discharge. *In re Kleppinger*, 27 B.R. 530, 531 (Bankr. M.D.Pa.1982); *Schlecht v. Thornton*, 544 F.2d 1005, 1006 (9th Cir.1976); *Household Finance Corp. v. Danns*, 558 F.2d 114, 116 (2d Cir.1977). Exceptions to discharge are to be narrowly construed against the creditor and in favor of the debtor. *In re Vickers*, 577 F.2d 683, 687 (10th Cir.1978); *In re Stewart*, 10 B.R. 214 (Bankr.C.D.Cal. 1981). Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system. *3 Collier on Bankruptcy*, ¶ 523.05A, 523–14 (15 Ed.1983).

■ Under 11 U.S.C. § 523(a)(6), an individual who is a debtor under Chapter 7 is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to property of another entity". Bankruptcy courts have construed § 523(a)(6) to mean that a "wrongful act done intentionally without just cause or a lawful basis is sufficient" to except a debt from discharge under this provision. *In re Friedenberg*, 12 B.R. 901, 905 (Bankr.S.D. N.Y.1981). Intent to injure the creditor is a necessary element of a case under § 523(a)(6). Before the plaintiff can obtain relief under § 523(a)(6), the plaintiff must show that the debtors acted with the intent to injure the plaintiff. *In re Cecchini*, 37 B.R. 671, 675 Bankr.App. 9th Cir.1984). Congress intended a "reckless injury", or an injury which was caused by an intentional act, to be specifically excluded from the provision of 11 U.S.C. § 523(a)(6) *Id.*

■ The specific act complained of in this case is conversion of bank funds. Conversion is any unauthorized act which deprives an owner of his property permanently or for an indefinite time. *In re Cummins*, 11 B.R. 222 (Bankr.E.D.Tenn.1981). It is the use of the property and not the motivation which creates the conversion. *In re Marshall*, 24 B.R. 105, 108 (Bankr.W. D.Mo.1982).

■ The phrase "willful and malicious injury" covers a willful and malicious conversion. *Cummins, supra*, 11 B.R. at 224. To conclude that a debt arising from a conversion is not dischargeable, the Court must find that the act was willful and malicious. *Marshall, supra*, 24 B.R. at 109.

■ A claim founded upon a mere technical conversion, without conscious intent to violate the rights of another, and under mistake or apprehension, is dischargeable. *Davis v. Aetna Acceptance Corp.*,[7] 293

---

**7.** In discussing § 17a(2) of the Bankruptcy Act of 1898, the precursor to § 523(a)(6), the Supreme Court stated:

"There is no doubt that an act of conversion, if willful and malicious, is an injury to property within the scope of this exception... But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice... In these and like cases, what is done is a tort, but not a willful and malicious one." (citations omitted.)

**926**

U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). 1 A *Collier on Bankruptcy*, § 17.09 (14th Ed.).

■ In applying the standards outlined above to the facts at bench, we find that the plaintiff has failed to set forth any evidence that the defendants' act of conversion was "willful and malicious".

The evidence submitted by the plaintiff in support of the motion for summary judgment consists of a complaint filed in state court against the defendants and a stipulation settling the litigation and entering judgment in plaintiff's favor.

The relevant portions of the stipulation read as follows:

The parties hereto, by and between their respective attorneys, STIPULATE AND AGREE:

1. That judgment be entered as prayed for in the complaint for the sum of $7,776.63 with interest at the legal rate from September 30, 1981 until satisfied, plus costs...

3. As further consideration for this stipulation plaintiff agrees not to initiate any criminal charges against defendants based on the facts which underlie its claim. This undertaking excludes the reporting of such facts to federal or state agencies to whom plaintiff is required by law to report.

Contrary to plaintiff's assertions, the stipulation does not contain any admissions by the defendants of intentional or willful wrongdoing on their part. Although the defendants agreed to repay the amount overdrawn in the bank account under the terms of the stipulation, clearly they did not concede liability for knowingly depositing worthless checks into the account. Summary judgment might be appropriate if the stipulation expressly stated that the allegations in the complaint were admitted as true. However, that is not the case. The Court is unable at this juncture to determine whether the defendants' acts constitute a mere conversion or a willful and malicious conversion.

*Davis v. Aetna Acceptance Corp.*, 293 U.S. at 332,

The defendants appropriately summarized the status of this adversary proceeding in their brief opposing summary judgment:

"Although petitioner would have this Court treat the State Court Complaint and the Stipulated Judgment as evidence here, Respondent points out to the Court that the State Court Complaint merely contains unproved allegations as such and the Stipulated Judgment reflects an amicable non litigated disposition of the State Court Action. Accordingly, there is simply no evidence before this Court to support Petitioner's Complaint and Summary Judgment must therefore be denied."

In summary, the stipulation is not dispositive of the issue of dischargeability because no evidence of intent, as required under § 523(a)(6) has been shown. The Court cannot accept the allegations in the complaint as evidence when the matters alleged were never litigated. We conclude that there is a genuine issue of material fact as to the willful and malicious aspect of the conversion warranting denial of summary judgment.

Finally, the plaintiff argues that the doctrine of collateral estoppel should bar relitigation of the issues in this Court because of the state court judgment.

■ Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of the prior litigation, a state court should determine the same factual issues using standards identical to those used under 11 U.S.C. § 523, then in the absence of a countervailing statutory policy, collateral estoppel may bar the relitigation of those issues in bankruptcy court. *Brown v. Felsen*, 442 U.S. 127, 139, fn. 10, 99 S.Ct. 2205, 2213, fn. 10, 60 L.Ed.2d 767 (1979); *U.S. v. Hernandez*, 572 F.2d 218, 220 (9th Cir. 1978).

■ The preclusive effect of collateral estoppel has been softened in some districts so that if the elements of collateral estoppel are otherwise present, the par-

55 S.Ct. at 153.

ties will have the right in an appropriate case to supplement, re-examine or attack the prior determination or its effect on any federal bankruptcy basis. *In re Houtman,* 568 F.2d 651 (9th Cir.1978). Collateral estoppel should be just as available to the debtor defensively as it may be used offensively by the creditor. Summary judgment is an appropriate means to decide whether the prior determination should be given this limited collateral estoppel effect. *In re Farley,* 15 B.R. 11, 5 C.B.C. 549, 551 (Bankr.D.Ore.1981).

Creditors have often claimed in dischargeability suits that the doctrines of collateral estoppel and/or res judicata bar relitigation and that the bankruptcy court should not go beyond the judgment. However, the courts have held that a rendition of a judgment on the issue of liability is quite different from the dischargeability issue raised in this Court. *In re Combs,* 40 B.R. 148, 151 (Bankr.W.D.Va.1984).

In discussing § 17a(2) of the former Bankruptcy Act, Collier stated:

"The judgment in question is based on a liability that falls within the scope of Sec. 17(a)(2). When it reaches the bankruptcy court the issue is one of dischargeability and not one of liability. While liability may have been adjudicated, the non-dischargeability of the liability has not been adjudicated. For the purposes of determining the dischargeability of the liability, the bankruptcy court should be able to base its findings on the facts relevant under § 17(a)(2) and not be bound by the findings of the state court. Furthermore, if the bankrupt were barred from relitigating those issue, the effect of the 1970 legislation of strengthening the discharge in bankruptcy would be greatly dissipated."

1 A *Collier on Bankruptcy,* ¶ 17.16 (14th Ed.)

Cases holding to this effect are *In re Johnson,* 323 F.2d 574, 578 (3d Cir.1963) and *Fierman v. Lazarus,* 361 F.Supp. 477, 480 (E.D.Pa.1973), *aff'd,* 493 F.2d 1400 (3d Cir.1974).

In *Brown v. Felsen, supra,* the Court stated:

"Refusing to apply *res judicata* here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petition alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the bankruptcy court would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits."

The plaintiff erroneously raises the issue of collateral estoppel here because no issues were litigated in state court, nor were there any factual determinations made by the state court judge. The judgment was entered into by stipulation, not rendered after a trial on the merits of the complaint. Therefore, we conclude that the doctrine of collateral estoppel, even in its limited form, is inapplicable to the case at bench.

An appropriate Order denying summary judgment will be entered.